IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNE L. STEWART, on behalf of herself and all others similarly situated, ) ) | |
| ) | Case No. 07 CV 6340 |
| Plaintiff, ) | |
| ) | Judge Coar |
| v. ) | |
| ) | Magistrate Judge Cole |
| GINO'S EAST RESTAURANT CORP. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Gino's East Restaurant Corp. ("Gino's East"), by and through its attorneys, Daniel S. Kaplan and Marcia G. Cotler of Kaplan & Greenswag LLC, for its answers and affirmative defenses, state the following:

**ANSWER**

**I.  NATURE OF THE CASE**

1.  The Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681, *et. seq.* (the "FACTA") was passed in 2003 in an effort to protect consumers from the perils of identity theft. Specifically, *inter cilia,* the FACIA prohibits businesses that accept payment via credit or debit card from including more than the last five digits of a credit or debit card number and/or the card's expiration date on electronically printed receipts provided to consumers (the "Prohibited Information"). If followed, the FACTA deters identify theft by reducing an identity thief's access to and ability to obtain a consumer's valuable account information. Plaintiff brings the following claim, individually and on behalf of all others similarly situated, to remedy Defendant's continuing and flagrant violation of the FACTA.

**Answer:**  Gino's East admits that Plaintiff brings this claim under FACTA. The remainder of the allegations in Paragraph 1 are legal conclusions for which no answer is required. To the extent a further answer is required Gino's East denies the allegations of Paragraph 1 and specifically denies that it violated FACTA.

2. As described more fully below, despite having up to three years to become compliant with the FACTA's mandates, Defendant willfully and improperly includes the Prohibited Information on each electronically printed receipt it provides to consumers with whom it enters into a credit card or debit card transaction. This practice subjects Plaintiff, and other similarly situated consumers, to an increased risk of identity theft and deprives them of the intended benefits of the FACTA.

**Answer:** Gino's East denies the allegations of Paragraph 2.

## II. THE PARTIES

3. Plaintiff is a resident of Orlando, Florida, and is otherwise *Sui Juris*.

**Answer:** Gino's East is without knowledge sufficient to either admit or deny the allegations of Paragraph 3. To the extent a further answer is required Gino's East denies the allegations of Paragraph 3.

4. Gino's East Restaurant Corp. is an Illinois corporation with its principal place of business at 900 W. Jackson Blvd., Suite 200, Chicago, Illinois. Defendant is authorized to, and does, conduct business in the State of Illinois and in the Northern District of Illinois,

**Answer:** Gino's East admits the allegations of Paragraph 4.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to the FACTA, which provides that "[a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy...." 15 U.S.C. § 1681(p). This Court also has jurisdiction under 28 U.S.C. § 1331.

**Answer:** Gino's East admits that Paragraph 5 properly sets for the law. To the extent a further answer is required Gino's East states that Paragraph 5 contains a legal conclusion for which no answer is required.

6. Venue is proper in this Court because the acts arising to the claim asserted herein occurred in this District.

**Answer:** Gino's East admits that venue would be proper in this Court if the claims asserted herein occurred in this District and that Plaintiff asserts that such claims occurred in this

District. To the extent a further answer is required Gino's East states that Paragraph 6 contains a legal conclusion for which no answer is required.

IV.    **CLASS ALLEGATIONS**

7.    Plaintiff brings this action on her own behalf and as a Class Action pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class (the "Class") consisting of:

> All consumers who received an electronically printed credit card or debit card receipt from Gino's East Restaurant Corp. since December 4, 2006 that contained more than the last five digits of the consumer's credit card or debit card and/or the credit or debit card's expiration date.

Upon completion of discovery with respect to the scope of the Class, Plaintiff reserves the right to amend the Class definition. Excluded from the Class are Defendant, its parents, subsidiaries and affiliates, their directors and officers, and members of their immediate families.

**Answer:**    Gino's East admits that Plaintiff brings this action as a Class Action pursuant to the Federal Rules set forth above. Whether this is a proper Class Action is a conclusion of law for which no answer is required. To the extent a further answer is required, Gino's East denies the allegations of Paragraph 7.

8.    The members of the Class are so numerous and geographically diverse, that joinder of all of them is impracticable. Plaintiff believes and therefore avers that Defendant has improperly included Prohibited Information on electronically printed credit and debit card receipts of thousands of customers since December 4, 2006.

**Answer:**    Paragraph 8 contains a legal conclusion for which no answer is required. To the extent a further answer is required Gino's East denies the allegations of Paragraph 8.

9.    The prosecution of separate actions by individual members of the Class would create a risk of: (a) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant; and/or (b) adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

**Answer:**    Paragraph 9 contains a legal conclusion for which no answer is required. To the extent a further answer is required Gino's East denies the allegations of Paragraph 9.

10. There are questions of fact and law common to members of the Class that predominate over any questions affecting any individual members including, *inter alia,* the following:

    (a) Whether Defendant's credit card and debit card receipts contain more than the last five digits of the consumer's credit or debit card number;

    (b) Whether Defendant's credit card and debit card receipts contain the expiration date of the consumer's credit card or debit card;

    (c) Whether Defendant's conduct constitutes a violation of the FACTA;

    (d) Whether Plaintiff and the other members of the Class were damaged by Defendant's conduct and, if so, what is the proper measure of damages.

**Answer:** Paragraph 10 contains a legal conclusion for which no answer is required. To the extent a further answer is required Gino's East denies the allegations of Paragraph 10.

11. The claims of Plaintiff are typical of the claims of the other members of the Class, and Plaintiff has no interests that are adverse or antagonistic to the interests of the other members of the Class.

**Answer:** Paragraph 11 contains a legal conclusion for which no answer is required. To the extent a further answer is required Gino's East denies the allegations of Paragraph 11.

12. Plaintiff will fairly and adequately protect the interests of the other members of the Class, Plaintiff is committed to prosecuting this Class Action and has retained competent counsel experienced in litigation of this nature.

**Answer:** Paragraph 11 contains a legal conclusion for which no answer is required. To the extent a further answer is required Gino's East denies the allegations of Paragraph 11.

13. Plaintiff envisions no unusual difficulty in the management of this action as a Class Action. For all of the foregoing reasons, a Class Action is superior to the other available methods for the fair and efficient adjudication of this action.

## V.     FACTUAL ALLEGATIONS

**Background**

    14.    Gino's East is a company that owns and operates 13 restaurants in the Chicago area.

    **Answer:**    Gino's East denies the allegations of Paragraph 14. Gino's East answering further states that Gino's East restaurants in the Chicago area are operated pursuant to license agreements and all the restaurants in the Chicago area are not owned or operated by Gino's East.

    15.    Defendant accepts from its customers certain credit and debit cards for payment for the services it provides. In transacting its business with persons such as Plaintiff and members of the Class, Defendant uses cash registers and/or other machines or devises that electronically print receipts for credit card and/or debit card transactions. It is Defendant's policy and practice to provide each of its customers with an electronically printed receipt for each transaction made by either credit card or debit card.

    **Answer:**    Gino's East denies the allegations of Paragraph 15. Gino's East answers further that restaurants using the Gino's East trademark accept from their customers certain credit and debit cards for payment for the services they provide. In transacting their business, the operators of such restaurants use cash registers and/or other machines or devises that electronically print receipts for credit card and/or debit card transactions.

**The FACTA**

    16.    The FACTA, signed into law on December 4, 2003, is designed, in part, to deter the growing problem of identity theft in the United States.

    **Answer:**    Paragraph 16 contains a legal conclusion for which no answer is required. To the extent a further answer is required Gino's East denies the allegations of Paragraph 16.

17.　　Pertinent here, the FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U. S . C. § 1681c(g).

**Answer:**　　Gino's East admits that FACTA contains the language set forth in Paragraph 17.　Gino's East denies the remaining allegations of Paragraph 17 as containing a legal conclusion.

18.　　The FACTA gave companies up to a generous three-year phase-in period with which to comply with its Prohibited Information mandates. This Prohibited Information provision of the FACTA became effective on December 4, 2006 with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was in use before January 1, 2005.

**Answer:**　　Gino's East admits that FACTA contains the language set forth in Paragraph 18.　Gino's East denies the remaining allegations of Paragraph 18 as containing a legal conclusion.

19.　　All cash registers or other machines or devices that electronically print receipts for credit card or debit card transactions that were first put into use on or after January 1, 2005 were required to be immediately compliant with 15 U.S.C. § I 681c(g).

**Answer:**　　Paragraph 19 contains a legal conclusion for which no answer is required.　To the extent a further answer is required Gino's East denies the allegations of Paragraph 19.

20.　　Notwithstanding that there was up to a three-year period with which to comply with the Prohibited Information provision of the FACTA, Defendant continues to issue electronically printed receipts to consumers that contain more than the last five digits of the consumer's credit card or debit card and/or the consumer's credit card or debit card expiration date.

**Answer:**　　Gino's East denies the allegations of Paragraph 20.

21. Defendant knew of, or should have known of, and was informed about the law, including specifically the FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates. For example, but without limitation, several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards Council (an consortium founded by VISA, MasterCard, Discover, American Express, and JCB), companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendant about the FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and the prohibition on the printing of expiration dates, and Defendant's need to comply with the same.

**Answer:** Gino's East denies the allegations of Paragraph 21.

22. Despite Defendant's knowing, or reckless disregard of, the FACTA and the importance of truncating credit card and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had up to more than three years to comply with the FACTA's requirements, Defendant willfully violated and continues to violate the FACTA's requirements by, *inter alia,* printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to members of the Class – persons with whom Defendant transacts business.

**Answer:** Gino's East denies the allegations of Paragraph 22.

23. Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt-printing process into compliance with the FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date on the electronically printed receipts provided to cardholders. Defendant could have readily done the same.

**Answer:** Gino's East denies the allegations of Paragraph 23.

24. In contrast, Defendant willfully disregarded the FACTA's requirements and continues to use cash registers or other machines or devices that print receipts containing Prohibited Information in violation of the FACTA.

**Answer:** Gino's East denies the allegations of Paragraph 24.

25. Defendant willfully violated the FACTA in reckless disregard of the rights of Plaintiff and the members of the class thereby exposing Plaintiff and the members of the class to an increased risk of identity theft and credit and/or debit card fraud.

**Answer:** Gino's East denies the allegations of Paragraph 25.

26. As a result of Defendant's willful violations of the FACTA, Defendant is, *inter alia,* liable to Plaintiff and each member of the class in the statutory damage

amount of "not less than $100 and not more than $1,000" for each violation. 15 U.S.C. §1681n(a)(1)(A).

**Answer:** Gino's East denies the allegations of Paragraph 26.

**The Representative Plaintiff's Credit Card Receipt**

27. On October 8, 2007, Plaintiff visited Defendant's establishment at 162 E. Superior in Chicago, Illinois.

**Answer:** Gino's East is without knowledge sufficient to admit or deny the allegations of Paragraph 27. To the extent a further answer is required Gino's East denies the allegations of Paragraph 27.

28. After receiving a bill from Defendant, Plaintiff used her American Express credit card to pay Defendant in the amount of $15.05.

**Answer:** Gino's East is without knowledge sufficient to admit or deny the allegations of Paragraph 28. To the extent a further answer is required Gino's East denies the allegations of Paragraph 28.

29. After processing Plaintiff's credit card, Defendant provided Plaintiff with an electronically printed receipt evidencing the sale (the "Receipt").

**Answer:** Gino's East is without knowledge sufficient to admit or deny the allegations of Paragraph 29. To the extent a further answer is required Gino's East denies the allegations of Paragraph 29. Gino's East answering further states that its investigation reveals that the Receipt appears to be from the Gino's East restaurant on Superior Street in Chicago, Illinois.

30. Plaintiff's Receipt includes the credit card's expiration date, in clear violation of the FACTA.

**Answer:** Gino's East admits that the receipt includes the credit card's expiration date. The remaining allegations of Paragraph 30 are conclusions of law for

which no answer is required. To the extent a further answer is required Gino's East denies the remaining allegations of Paragraph 30.

31. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the supervision and control of the Defendant herein.

**Answer:** Gino's East denies the allegations of Paragraph 31.

32. At all times pertinent hereto, the conduct of the Defendant, as well as that of *its* agents, servants and/or employees, was willful, reckless, and exhibited a grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**Answer:** Gino's East denies the allegations of Paragraph 32.

## VI. CAUSE OF ACTION

### COUNT I
### Violations of Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681(c)

33. Plaintiff hereby adopts and incorporates by reference paragraphs 1 to 32.

**Answer:** Gino's East adopts and incorporated its answers to Paragraphs 1 through 32 as if stated herein.

34. Plaintiff brings this claim pursuant to the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681, *et seq.*

**Answer:** Gino's East admits the allegations of Paragraph 31, but denies that it is liable under the aforementioned Act.

35. As described above, Defendant routinely violates the FACIA by providing its customers with electronically printed receipts for credit card and debit card purchases that contain more than the last five digits of the customer's card number and/or the card's expiration date.

**Answer:** Gino's East denies the allegations of Paragraph 35.

36. Defendant willfully violates the FACTA, as described above.

**Answer:** Gino's East denies the allegations of Paragraph 36.

9

37.　Plaintiff and the Class are entitled to: (1) actual damages; (2) statutory damages; and (3) punitive damages.

**Answer:**　Gino's East denies the allegations of Paragraph 37.

38.　Plaintiff has retained the services of the undersigned attorneys who are entitled to a reasonable fee upon prevailing pursuant to *15* U.S.C. § 1681n and/or *15* U.S.C. § 1681o.

**Answer:**　Gino's East denies the allegations of Paragraph 38.

WHEREFORE, Gino's East Restaurant Corp. requests that the Class Action Complaint be dismissed with prejudice.

### FIRST AFFIRMATIVE DEFENSE

1.　The Superior Street restaurant is operated pursuant to a License Agreement issued to BG East, LLC.

2.　Gino's East is neither the owner nor the operator of the Superior Street restaurant.

Dated: December 20, 2007　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　Gino's East Restaurant Corp.

　　　　　　　　　　　　　　　　　　　　By: /s/Daniel S. Kaplan_____
　　　　　　　　　　　　　　　　　　　　　　One of its attorneys

Daniel S. Kaplan (ARDC No. 6204533)
Marcia G. Cotler (ARDC No. 6201178)
Kaplan & Greenswag LLC
181 Waukegan Road Suite 205
Northfield, IL 60093
Ph:　(847) 501-5300
Fax: (847) 501-5325