**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CASE NO. 07C 6340  COAR/COLE**

ANNE L. STEWART, on behalf of herself and
all others similarly situated,

        Plaintiff,

                                    **JURY TRIAL DEMANDED**

v.

GINO'S EAST RESTAURANT CORP.,

        Defendant.

---

**JOINT SCHEDULING REPORT AND PROPOSED DISCOVERY PLAN**

        Counsel for the parties met pursuant to Rules 16, 26(f), and the Court's Supplemental

Standing Order on Pretrial Procedures in Civil Cases.  As a result of that conference, Plaintiff and

Defendant submit this Joint Scheduling Report and Proposed Discovery Plan.

    **(a)**      **Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held on December 12, 2007 and was attended by:**

        Stephen R. Astley and Michael L. Greenwald for Plaintiff Anne L. Stewart

        Daniel S. Kaplan for Defendant Gino's East Restaurant Corp.

    **(b)**      **Pre-Discovery Disclosures**

        The parties will exchange by January 18, 2008 the information required by Fed. R. Civ. P.

26(a)(1).

    **(c)**      **Discovery Plan**

        The parties jointly propose to the Court the following discovery plan:

        (1)    Plaintiff asserts that discovery will be needed, *inter alia*, on the following subjects:
                (a)  The format of Defendant's credit and debit card receipts;
                (b)  The number of Defendant's customers, and the percentage that paid by credit or debit card during the Class Period;
                (c)  Defendant's finances;

(d)  Defendant's business relationships with credit card companies and processors.
(e)  Defendant's efforts to comply with the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681, *et. seq.*
(f)  Defendant's credit card or debit card processing machinery.
(e)  Defendant's policies and procedures for processing payment via credit card and debit card.

Defendant asserts that discovery should be limited to the Superior Street Restaurant. In addition, Defendant asserts that discovery will be needed on the appropriateness of a class action and counsels' representation.

(2)    Plaintiff proposes that all discovery commenced in time to be completed by July 11, 2008 – Defendant asserts that it is not appropriate to set a discovery deadline at this time because Defendant is not a proper party to this dispute;

(3)    Maximum of 50 interrogatories by each party to any other party.  Responses to interrogatories will be due 30 days after service.

(4)    Maximum of 100 requests for admission by each party to any other party. Responses to requests for admissions will be due 30 days after service.

(5)    Plaintiff proposes a maximum of 20 depositions by each party.  Defendant proposes a maximum of 10 depositions by each party.  Plaintiff proposes that each deposition is limited to a maximum of seven (7) hours unless extended by agreement of the parties.  Defendant proposes that each deposition is limited to a maximum of five (5) hours unless extended by agreement of the parties.

(6)    Reports from retained experts under Rule 26(a)(2) due:
Plaintiff proposes that Plaintiff and Defendant simultaneously submit expert reports, if any, within 30 days of close of discovery.  Defendant proposes that Plaintiff submit her Report of retained experts within 30 days of close of discovery and Defendant to submit its Reports of retained experts 30 days thereafter.  Rebuttal expert reports will be due 30 days after submission of initial expert reports.

(7)    Plaintiff proposes that supplementations under Rule 26(e) due no later than 15 days following the close of discovery.  Defendant asserts that Rule 26(e) contains a duty to seasonably supplement and should not be extended with a specific date.

**(d)    Other items:**

(1)    The parties request a conference with the Court before entry of the scheduling order.

(2)    Plaintiff and Defendant request a pretrial conference in December 2008

(3)    Plaintiff should be allowed until 45 days after the filing of the Answer to join additional parties and to amend the pleadings.

(4)    Defendant should be allowed until 45 days after the filing of the Answer to join additional parties and to amend the pleadings.

(5)    All potentially dispositive motions should be filed within 30 days following the close of expert discovery.  The opposing party will have 30 days to respond to any dispositive motions.  The moving party will then 20 days to file a reply,

(6)    The likelihood of settlement cannot be evaluated at this juncture.

(7)    The parties agree that a final list of witnesses and exhibits under Rule 26(a)(3) should be due by November 13, 2008.

(8)    Parties should have 30 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

(9)    Plaintiff and Defendant believe the case should be ready for trial in February 2009. The trial is expected at this time to take five days.

**(e)    Other Information**

The parties are unaware at the present time of any other matters that may be helpful to the

Court in setting the case for status or pretrial conference.

DATED:  December 27, 2007.

**KAPLAN & GREENSWAG LLC**
DANIEL S. KAPLAN

**COUGHLIN STOIA GELLER**
 **RUDMAN & ROBBINS LLP**
JACK REISE
STEPHEN R. ASTLEY

**s/Daniel S. Kaplan**

MICHAEL L. GREENWALD

**s/Michael L. Greenwald**

181 Waukegan Rd., Ste 205
Northfield, IL  60093
Telephone:  847/501-5300
847/501-5325  (fax)

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

*Counsel for Defendant*

*Counsel for Plaintiff and the Proposed Class*

**LASKY & RIFKIND, LTD.**
LEIGH R. LASKY
NORMAN RIFKIND
AMELIA S. NEWTON
350 North LaSalle Street, Suite 1320
Chicago, IL  60610
Telephone:  312/634-0057
312/634-0059 (fax)

*Local Counsel for Plaintiff and the Proposed Class*