**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ANNE L. STEWART, on behalf of herself and all others similarly situated,

Plaintiff,

v.

GINO'S EAST RESTAURANT CORP., BRAVO RESTAURANTS, INC., BG EAST, LLC, EG SERVICES CORP., GINO'S EAST SERVICES, LLC, and DOES 1-10,

Defendants.

**CASE No. 07 CV 6340**

**JURY TRIAL DEMANDED**

**Judge Coar**
**Magistrate Judge Cole**

**AMENDED CLASS ACTION COMPLAINT**

Plaintiff, Anne L. Stewart ("Plaintiff"), individually and on behalf of all others similarly situated, hereby makes the following allegations against Gino's East Restaurant Corp., Bravo Restaurants, Inc. ("Bravo"), BG East LLC ("BG East"), EG Services Corp. ("EG Services"), Gino's East Services, LLC, and Does 1 through 10 (collectively, "Defendants"), and states:

## I. NATURE OF THE CASE

1. The Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681, *et. seq.* (the "FACTA") was passed in 2003 in an effort to protect consumers from the perils of identity theft. Specifically, *inter alia*, the FACTA prohibits businesses that accept payment via credit or debit card from including more than the last five digits of a credit or debit card number and/or the card's expiration date on electronically printed receipts provided to consumers (the "Prohibited Information"). If followed, the FACTA deters identify theft by reducing an identity thief's access to and ability to obtain a consumer's valuable account information. Plaintiff brings the

following claim, individually and on behalf of all others similarly situated, to remedy Defendants' continuing and flagrant violation of the FACTA.

2. As described more fully below, despite having up to three years to become compliant with the FACTA's mandates, Defendants improperly include the Prohibited Information on each electronically printed receipt they provide to consumers with whom they enter into a credit card or debit card transaction. This practice subjects Plaintiff, and other similarly situated consumers, to an increased risk of identity theft and deprives them of the intended benefits of the FACTA.

## II. PARTIES

3. Plaintiff is a resident of Orlando, Florida, and is otherwise *sui juris*.

4. Bravo Restaurants, Inc. is a Delaware corporation with its principal place of business at 600 W. Jackson Blvd., Suite 200, Chicago, Illinois. Bravo is authorized to, and does, conduct business in the State of Illinois and in the Northern District of Illinois. Jeffrey Himmel ("Himmel") is, and was at all material times, president of Bravo and its registered agent.

5. Gino's East Restaurant Corp. is an Illinois corporation with its principal place of business at 600 W. Jackson Blvd., Suite 200, Chicago, Illinois. Gino's East Restaurant Corp. is authorized to, and does, conduct business in the State of Illinois and in the Northern District of Illinois. Himmel is, and was at all material times, vice president and registered agent of Gino's East Restaurant Corp. Gino's East Restaurant Corp. is a wholly owned subsidiary of Bravo.

6. BG East LLC is an Illinois limited liability corporation with its principal place of business at 6801 W. Roosevelt Road, Berwyn, Illinois. BG East is authorized to, and does, conduct business in the State of Illinois and in the Northern District of Illinois. The members of BG East are Joey Buona's Pizzeria Grille – Chicago, LLC and Gino's East Home, LLC. Himmel is, and was at all material times, vice president of Gino's East Home, LLC. Like Bravo

and Gino's East Restaurant Corp., Gino's East Home, LLC has its principal place of business at 600 W. Jackson Blvd., Suite 200, Chicago, Illinois.

7. EG Services Corp. is an Illinois corporation with its principal place of business at 600 W. Jackson Blvd., Suite 200, Chicago, Illinois. EG Services is authorized to, and does, conduct business in the State of Illinois and in the Northern District of Illinois. Himmel is, and was at all material times, an officer and the registered agent of EG Services Corp.

8. Gino's East Services LLC is an Illinois limited liability corporation with its principal place of business at 600 W. Jackson Blvd., Suite 200, Chicago, Illinois. Gino's East Services LLC is authorized to, and does, conduct business in the State of Illinois and in the Northern District of Illinois. Himmel is, and was at all material times, an officer and the registered agent of Gino's East Services LLC. Gino's East Restaurant Corp. is the majority owner of Gino's East Services LLC.

9. Plaintiff is unaware of the true names of Defendants Does 1 through 10. Said Defendants are sued by fictitious names and the pleadings will be amended as necessary to obtain relief against Defendants Does 1 through 10 when the true names are ascertained or when such facts pertaining to the liability of Defendants Does 1 through 10 are ascertained, or as permitted by law or by the Court.

10. Plaintiff is informed and believes, and thereupon alleges, that at all times material to this action Bravo, Gino's East Restaurant Corp., EG Services, Gino's East Services LLC, BG East, and Does 1 through 10 were affiliated and were an integrated enterprise.

## III. JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to the FACTA, which provides that "[a]n action to enforce any liability created under this subchapter may be brought

in any appropriate United States district court, without regard to the amount in controversy…." 15 U.S.C. §1681(p). This Court also has jurisdiction under 28 U.S.C. §1331.

12. Venue is proper in this Court because the acts arising to the claim asserted herein occurred in this District.

**IV. CLASS ALLEGATIONS**

13. Plaintiff brings this action on her own behalf and as a Class Action pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class (the "Class") consisting of:

> All persons to whom Gino's East Restaurant Corp., Bravo Restaurants, Inc., BG East LLC, EG Services Corp., Gino's East Services, LLC, and Does 1 through 10 provided an electronically printed receipt at the point of sale or transaction after December 4, 2006, which displays either (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card, or (c) both.

Upon completion of discovery with respect to the scope of the Class, Plaintiff reserves the right to amend the Class definition. Excluded from the Class are Defendants, their parents, subsidiaries and affiliates, their directors and officers, and members of their immediate families.

14. The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable. Plaintiff believes and therefore avers that Defendants have improperly included Prohibited Information on electronically printed credit and debit card receipts of thousands of customers since December 4, 2006.

15. The prosecution of separate actions by individual members of the Class would create a risk of: (a) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or (b) adjudications with respect to individual members of the Class which would, as a practical matter,

be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

16. There are questions of fact and law common to members of the Class that predominate over any questions affecting any individual members including, *inter alia*, the following:

(a) Whether Defendants' credit card and debit card receipts contain more than the last five digits of the consumer's credit or debit card number;

(b) Whether Defendants' credit card and debit card receipts contain the expiration date of the consumer's credit card or debit card;

(c) Whether Defendants' conduct constitutes a violation of the FACTA; and

(d) Whether Plaintiff and the other members of the Class were damaged by Defendants' conduct and, if so, what is the proper measure of damages.

17. The claims of Plaintiff are typical of the claims of the other members of the Class, and Plaintiff has no interests that are adverse or antagonistic to the interests of the other members of the Class.

18. Plaintiff will fairly and adequately protect the interests of the other members of the Class. Plaintiff is committed to prosecuting this Class Action and has retained competent counsel experienced in litigation of this nature.

19. Plaintiff envisions no unusual difficulty in the management of this action as a Class Action. For all of the foregoing reasons, a Class Action is superior to the other available methods for the fair and efficient adjudication of this action.

## V. FACTUAL ALLEGATIONS

**Background**

20. Bravo operates more than two dozen casual dining restaurants in four states, primarily in the Chicago, Illinois area, including Gino's East-branded restaurants. Bravo also sells frozen food wholesale through its Bravo Foods subsidiary. Ivan and Jeffrey Himmel formed Bravo in 1994.

21. At all material times, Gino's East Restaurant Corp. and Gino's East Services LLC owned the trademark and operational "know-how" for the thirteen Gino's East-branded restaurants in the Chicago area. Gino's East Services LLC acquired ownership of the Gino's East trademark and operational "know-how" in 2007 from Gino's East Restaurant Corp. Bravo-owned Gino's East Restaurant Corp. is a majority owner of Gino's East Services LLC.

22. At all material times, Gino's East Restaurant Corp. and Gino's East Services LLC licensed the name "Gino's East" to the thirteen Gino's East-branded restaurants through a "License Agreement." The Gino's East-branded restaurant located at 160-164 East Superior Street, Chicago, Illinois (the "Superior Street Gino's") is owned by BG East and managed by EG Services. BG East entered into a License Agreement with Gino's East Restaurant Corp. on June 29, 2006. Gino's East Restaurant Corp.'s interest in the License Agreement with BG East was assigned to Gino's East Services LLC in 2007.

23. Under the terms of its License Agreement with BG East, Gino's East Services LLC (and before it, Gino's East Restaurant Corp.) is to receive 4% of the gross sales of the Superior Street Gino's as a continuing royalty.

24. In addition, Gino's East Services LLC (and before it, Gino's East Restaurant Corp.) has the authority, and does, exercise control over BG East by, *inter alia*, requiring that BG East: (1) use certain pre-approved suppliers for the purchase of goods, (2) strictly follow its

"Confidential Operating Manual," which details precisely how a Gino's East-branded restaurant is to be operated, (3) allow unannounced inspections and site visits, (4) allow for audits of financial records, (5) submit weekly and annual financial reports; (6) receive approval for all marketing and advertising materials, (7) submit to ongoing training as deemed necessary by Gino's East Services LLC, (8) follow mandatory specifications and layouts for a Gino's East-branded restaurant, and (9) maintain all financial records for a minimum of five years, including all credit card and debit card receipts.

25. On June 29, 2006, BG East and EG Services entered into an "On-Site Restaurant Management Agreement," whereby EG Services became the manager of the Superior Street Gino's. Under the terms of the "On-Site Restaurant Management Agreement," EG Services was responsible for "establish[ing] the Restaurant's policy regarding association with credit card systems."

26. Defendants accept from their customers certain credit and debit cards for payment for the services they provide, including American Express, MasterCard, Visa, and Discover. In transacting business with persons such as Plaintiff and members of the Class, Defendants use cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions. It is the policy and practice of Defendants to provide each of their customers with an electronically printed receipt for each transaction made by either credit card or debit card.

27. Plaintiff is informed and believes, and thereupon alleges, that at all times material to this action Bravo, Gino's East Restaurant Corp., EG Services, Gino's East Services LLC, BG East, and Does 1 through 10 were affiliated and were an integrated enterprise and were engaged

in a joint enterprise or venture, acting together as co-owners, partners, co-ventures, and/or agents.

**The FACTA**

28. The FACTA, signed into law on December 4, 2003, is designed, in part, to deter the growing problem of identity theft in the United States.

29. Pertinent here, the FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. §1681c(g).

30. The FACTA gave companies up to a generous three-year phase-in period with which to comply with its Prohibited Information mandates. This Prohibited Information provision of the FACTA became effective on December 4, 2006 with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was in use before January 1, 2005.

31. All cash registers or other machines or devices that electronically print receipts for credit card or debit card transactions that were first put into use on or after January 1, 2005 were required to be immediately compliant with 15 U.S.C. §1681c(g).

32. Notwithstanding that there was up to a three-year period with which to comply with the Prohibited Information provision of the FACTA, Defendants continue to issue electronically printed receipts to consumers that contain more than the last five digits of the consumer's credit card or debit card and/or the consumer's credit card or debit card expiration date.

33. Defendants knew of, or should have known of, and were informed about the law, including specifically the FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates. For example, but without limitation, several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards Council (an consortium founded by VISA, MasterCard, Discover, American Express, and JCB), companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendants about the FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and the prohibition on the printing of expiration dates, and the need to comply with the same.

34. In addition, Defendants were aware of the need to omit more than the last five digits of credit and debit card numbers, as well as to omit credit and debit card expiration dates from receipts, because the Illinois Consumer Fraud and Deceptive Business Practices Act mandates that "no provider may print or otherwise produce or reproduce or permit the printing or other production or reproduction of the following: (i) any part of the credit card or debit card account number, other than the last 4 digits or other characters, (ii) the credit card or debit card expiration date on any receipt provided or made available to the cardholder." 815 ILCS 505/2NN.

35. Despite Defendants' knowing, or reckless disregard of, the FACTA and the importance of truncating credit card and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had up to more than three years to comply with the FACTA's requirements, Defendants willfully violated and continue to violate the FACTA's requirements by, *inter alia*, printing more than the last five digits of the card number and/or the

expiration date upon the receipts provided to members of the Class – persons with whom Defendants transact business.

36. Most of Defendants' business peers and competitors readily brought their credit card and debit card receipt-printing process into compliance with the FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date on the electronically printed receipts provided to cardholders. Defendants could and should have readily done the same.

37. In contrast, Defendants willfully disregarded the FACTA's requirements, and the requirements of Illinois state law, by continuing to use cash registers or other machines or devices that print receipts containing Prohibited Information in violation of the FACTA.

38. Defendants willfully violated the FACTA in reckless disregard of the rights of Plaintiff and the members of the class thereby exposing Plaintiff and the members of the class to an increased risk of identity theft and credit and/or debit card fraud.

39. As a result of Defendants' willful violations of the FACTA, Defendants are, *inter alia*, liable to Plaintiff and each member of the class in the statutory damage amount of "not less than $100 and not more than $1,000" for each violation. 15 U.S.C. §1681n(a)(1)(A).

**The Representative Plaintiff's Credit Card Receipt**

40. On October 8, 2007, Plaintiff visited the Superior Street Gino's in Chicago, Illinois.

41. After receiving a bill from Defendants, Plaintiff used her American Express credit card to pay Defendants in the amount of $15.05.

42. After processing Plaintiff's credit card, Defendants provided Plaintiff with an electronically printed receipt evidencing the sale (the "Receipt"). A redacted copy of Plaintiff's Receipt is attached hereto as **Exhibit A**.

43. Plaintiff's Receipt includes detailed information about her transaction, including the date of the transaction, Plaintiff's name, the name of the credit card Plaintiff used, the last four digits of Plaintiff's credit card number, and the cost of Plaintiff's purchase. Moreover, Plaintiff's Receipt includes her credit card's expiration date in the month/year format (XX/XX), in clear violation of the FACTA.

44. Upon information and belief, Defendants processed Plaintiff's credit card in the same or substantially similar manner as they do for other consumers and the receipt provided to Plaintiff contained the same or substantially similar information as the receipts for other consumers, including the cardholder's credit/debit card expiration date.

45. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the supervision and control of Bravo, Gino's East Restaurant Corp., Gino's East Services LLC, BG East LLC, EG Services Corp, and Does 1 through 10.

46. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was willful, reckless, and exhibited a grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## VI. CAUSE OF ACTION

### COUNT I
### Violations of Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681(c)

47. Plaintiff hereby adopts and incorporates by reference paragraphs 1 to 46.

48. Plaintiff brings this claim pursuant to the Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681, *et seq.*

49. As described above, Defendants routinely violate the FACTA by providing their customers with electronically printed receipts for credit card and debit card purchases that contain more than the last five digits of the customer's card number and/or the card's expiration date.

50. Defendants willfully violate the FACTA, as described above.

51. Plaintiff and the Class are entitled as may be applicable to: (1) actual damages; (2) statutory damages; and (3) punitive damages.

52. Plaintiff has retained the services of the undersigned attorneys who are entitled to a reasonable fee upon prevailing pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**WHEREFORE,** Plaintiff, on behalf of herself and the Class as defined herein, respectfully demands a trial by jury and prays for judgment as follows:

A. Certifying that this civil action may be maintained as a Class Action by the named Plaintiff as representative of the Class;

B. Awarding compensatory, statutory and other legal damages to Plaintiff and the Class;

C. Awarding pre-judgment and post-judgment interest to Plaintiff and the Class, as allowed by law;

D. Awarding attorneys' fees and costs to counsel for Plaintiff and the Class; and

E. Granting such other and further relief as is just and proper.

## V. JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all Counts so triable.

DATED: February 8, 2008

**COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**
JACK REISE (*pro hac vice*)
jreise@csgrr.com
STEPHEN R. ASTLEY (*pro hac vice*)
sastley@csgrr.com
MICHAEL L. GREENWALD (*pro hac vice*)
mgreenwald@csgrr.com

s/MICHAEL L. GREENWALD
MICHAEL L. GREENWALD

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

***Counsel for Plaintiff and the Proposed Class***

**LASKY & RIFKIND, LTD.**
LEIGH R. LASKY
NORMAN RIFKIND
AMELIA S. NEWTON
350 North LaSalle Street, Suite 1320
Chicago, IL 60610
Telephone: 312/634-0057
312/634-0059 (fax)

***Local Counsel for Plaintiff and the Proposed Class***

EXHIBIT A

Welcome to Gino's East
162 E. Superior
Chicago, IL
(312) 266-DEEP

Server: Joe DOB: 10/08/2007
06:00 PM 10/08/2007
Table 10/1 7,.0008

AMEX 7340053
Card #XXXXXXXXXXX[redacted] Exp:[redacted]
Magnet card present: stewart al
Approval: 523248

Amount: 13.05

+ Tip: 2.00

= Total: 15.05

X ____________________
Approval: 523248

Customer Copy