IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNE L. STEWART, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 07 CV 6340 ) ) |
| v. | ) Judge Coar ) ) Magistrate Judge Cole |
| GINO'S EAST RESTAURANT CORP. BRAVO RESTAURANTS, INC., BG EAST, LLC, EG SERVICES CORP., GINO'S EAST SERVICES, LLC, and DOES 1-10, | ) ) ) ) ) |
| Defendants. | ) ) |
| BG EAST LLC, | ) ) |
| Defendant/Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| DATA WAVE, INC. | ) ) |
| Third-Party Defendant. | ) ) |

***BG EAST, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO AMENDED CLASS ACTION COMPLAINT***

BG East, LLC ("BG"), by and through its attorneys, Daniel S. Kaplan and Marcia G. Cotler of Kaplan & Greenswag LLC, for its Answer and Affirmative Defenses to Amended Class Action Complaint states as follows:

**I. NATURE OF THE CASE**

1.      The Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681, *et. seq.* ("FACTA") was passed in 2003 in an effort to protect consumers from the perils of identity theft. Specifically, *inter alia,* the FACTA prohibits businesses that accept payment via credit or debit card from including more than the last five digits of a credit or debit card number and/or the card's expiration date on electronically printed receipts provided to consumers (the "Prohibited Information"). If followed, the FACTA deters identify theft by reducing an identity thief's access to and ability to obtain a consumer's valuable account information. Plaintiff brings the following

1

claim, individually and on behalf of all others similarly situated, to remedy Defendants' continuing and flagrant violation of the FACTA.

*ANSWER*:     BG admits that Plaintiff brings this claim under FACTA.  The remainder of the allegations in Paragraph 1 are legal conclusions for which no answer is required.  To the extent a further answer is required BG denies the allegations of Paragraph 1 and specifically denies that it violated FACTA.

2.     As described more fully below, despite having up to three years to become compliant with the FACTA's mandates, Defendants improperly include the Prohibited Information on each electronically printed receipt they provide to consumers with whom they enter into a credit card or debit card transaction. This practice subjects Plaintiff, and other similarly situated consumers, to an increased risk of identity theft and deprives them of the intended benefits of the FACTA.

*ANSWER*:     BG denies the allegations of Paragraph 2.

## II.     PARTIES

3.     Plaintiff is a resident of Orlando, Florida, and is otherwise *sui juris*.

*ANSWER*:     BG is without knowledge sufficient to either admit or deny the allegations of Paragraph 3.  To the extent a further answer is required BG denies the allegations of Paragraph 3.

4.     Bravo Restaurants, Inc. is a Delaware corporation with its principal place of business at 600 W. Jackson Blvd., Suite 200, Chicago, Illinois. Bravo is authorized to, and does, conduct business in the State of Illinois and in the Northern District of Illinois. Jeffrey Himmel ("Himmel") is, and was at all material times, president of Bravo and its registered agent.

*ANSWER*:     BG admits the allegations of Paragraph 4.

5.     Gino's East Restaurant Corp. is an Illinois corporation with its principal place of business at 600 W. Jackson Blvd., Suite 200, Chicago, Illinois. Gino's East Restaurant Corp. is authorized to, and does, conduct business in the State of Illinois and in the Northern District of Illinois. Himmel is, and was at all material times, vice president and registered agent of Gino's East Restaurant Corp. Gino's East Restaurant Corp. is a wholly owned subsidiary of Bravo.

*ANSWER*:     BG admits the allegations of Paragraph 5.

6.     BG East LLC is an Illinois limited liability corporation with its principal place of business at 6801 W. Roosevelt Road, Berwyn, Illinois. BG East is authorized to, and does, conduct business in the State of Illinois and in the Northern District of Illinois. The members of BG East are

Joey Buona's Pizzeria Grille – Chicago, LLC and Gino's East Home, LLC. Himmel is, and was at all material times, vice president of Gino's East Home, LLC. Like Bravo and Gino's East Restaurant Corp., Gino's East Home, LLC has its principal place of business at 600 W. Jackson Blvd., Suite 200, Chicago, Illinois.

  *ANSWER*: BG admits the allegations of Paragraph 6.

  7. EG Services Corp. is an Illinois corporation with its principal place of business at 600 W. Jackson Blvd., Suite 200, Chicago, Illinois. EG Services is authorized to, and does, conduct business in the State of Illinois and in the Northern District of Illinois. Himmel is, and was at all material times, an officer and the registered agent of EG Services Corp.

  *ANSWER*: BG admits the allegations of Paragraph 7.

  8. Gino's East Services LLC is an Illinois limited liability corporation with its principal place of business at 600 W. Jackson Blvd., Suite 200, Chicago, Illinois. Gino's East Services LLC is authorized to, and does, conduct business in the State of Illinois and in the Northern District of Illinois. Himmel is, and was at all material times, an officer and the registered agent of Gino's East Services LLC. Gino's East Restaurant Corp. is the majority owner of Gino's East Services LLC.

  *ANSWER*: BG admits the allegations of Paragraph 8.

  9. Plaintiff is unaware of the true names of Defendants Does 1 through 10. Said Defendants are sued by fictitious names and the pleadings will be amended as necessary to obtain relief against Defendants Does 1 through 10 when the true names are ascertained or when such facts pertaining to the liability of Defendants Does 1 through 10 are ascertained, or as permitted by law or by the Court.

  *ANSWER*: BG is without knowledge sufficient to either admit or deny the allegations of

Paragraph 9. To the extent a further answer is required BG denies the allegations of Paragraph 9.

  10. Plaintiff is informed and believes, and thereupon alleges, that at all times material to this action Bravo, Gino's East Restaurant Corp., EG Services, Gino's East Services LLC, BG East, and Does 1 through 10 were affiliated and were an integrated enterprise.

  *ANSWER*: BG denies the allegations of Paragraph 10.


### III. JURISDICTION AND VENUE

  11. This Court has jurisdiction over this action pursuant to the FACTA, which provides that "[a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy...." 15 U.S.C. §1681(p). This Court also has jurisdiction under 28 U.S.C. §1331.

  *ANSWER*: BG admits that Paragraph 11 properly sets forth the law. To the extent a further answer is required BG states that Paragraph 11 contains a legal conclusion for which no answer is required.

  12. Venue is proper in this Court because the acts arising to the claim asserted herein occurred in this District.

  *ANSWER*: BG admits that venue would be proper in this Court if the claims asserted herein occurred in this District and that Plaintiff asserts that such claims occurred in this District. To the extent a further answer is required BG states that Paragraph 6 contains a legal conclusion for which no answer is required.

### IV. CLASS ALLEGATIONS

  13. Plaintiff brings this action on her own behalf and as a Class Action pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class (the "Class") consisting of:

> All persons to whom Gino's East Restaurant Corp., Bravo Restaurants, Inc., BG East LLC, EG Services Corp., Gino's East Services, LLC, and Does 1 through 10 provided an electronically printed receipt at the point of sale or transaction after December 4, 2006, which displays either (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card, or (c) both.

Upon completion of discovery with respect to the scope of the Class, Plaintiff reserves the right to amend the Class definition. Excluded from the Class are Defendants, their parents, subsidiaries and affiliates, their directors and officers, and members of their immediate families.

  *ANSWER*: BG admits that Plaintiff brings this action as a Class Action pursuant to the Federal Rules set forth above. Whether this is a proper Class Action is a conclusion of law for which no answer is required. To the extent a further answer is required BG denies the allegations of Paragraph 13.

  14. The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable. Plaintiff believes and therefore avers that Defendants have improperly included Prohibited Information on electronically printed credit and debit card receipts of thousands of customers since December 4, 2006.

  *ANSWER*: Paragraph 14 contains a legal conclusion for which no answer is required. To the extent a further answer is required BG denies the allegations of Paragraph 14.

15. The prosecution of separate actions by individual members of the Class would create a risk of: (a) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or (b) adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

*ANSWER*: Paragraph 15 contains a legal conclusion for which no answer is required.

To the extent a further answer is required BG denies the allegations of Paragraph 15.

16. There are questions of fact and law common to members of the Class that predominate over any questions affecting any individual members including, *inter alia*, the following:
 (a) Whether Defendants' credit card and debit card receipts contain more than the last five digits of the consumer's credit or debit card number;
 (b) Whether Defendants' credit card and debit card receipts contain the expiration date of the consumer's credit card or debit card;
 (c) Whether Defendants' conduct constitutes a violation of the FACTA; and
 (d) Whether Plaintiff and the other members of the Class were damaged by Defendants' conduct and, if so, what is the proper measure of damages.

*ANSWER*: Paragraph 16 contains a legal conclusion for which no answer is required.

To the extent a further answer is required BG denies the allegations of Paragraph 16.

17. The claims of Plaintiff are typical of the claims of the other members of the Class, and Plaintiff has no interests that are adverse or antagonistic to the interests of the other members of the Class.

*ANSWER*: Paragraph 17 contains a legal conclusion for which no answer is required.

To the extent a further answer is required BG denies the allegations of Paragraph 17.

18. Plaintiff will fairly and adequately protect the interests of the other members of the Class. Plaintiff is committed to prosecuting this Class Action and has retained competent counsel experienced in litigation of this nature.

*ANSWER*: Paragraph 18 contains a legal conclusion for which no answer is required.

To the extent a further answer is required BG denies the allegations of Paragraph 18.

19. Plaintiff envisions no unusual difficulty in the management of this action as a Class Action. For all of the foregoing reasons, a Class Action is superior to the other available methods for the fair and efficient adjudication of this action.

  *ANSWER*: Paragraph 19 contains a legal conclusion for which no answer is required.

To the extent a further answer is required BG denies the allegations of Paragraph 19.

### V. FACTUAL ALLEGATIONS

#### Background

  20. Bravo operates more than two dozen casual dining restaurants in four states, primarily in the Chicago, Illinois area, including Gino's East-branded restaurants. Bravo also sells frozen food wholesale through its Bravo Foods subsidiary. Ivan and Jeffrey Himmel formed Bravo in 1994.

  *ANSWER*: BG denies the allegations of Paragraph 20.

  21. At all material times, Gino's East Restaurant Corp. and Gino's East Services LLC owned the trademark and operational "know-how" for the thirteen Gino's East-branded restaurants in the Chicago area. Gino's East Services LLC acquired ownership of the Gino's East trademark and operational "know-how" in 2007 from Gino's East Restaurant Corp. Bravo-owned Gino's East Restaurant Corp. is a majority owner of Gino's East Services LLC.

  *ANSWER*: BG admits that Gino's East Restaurant Corp. owned trademarks related to Gino's East. BG denies the remaining allegations of Paragraph 21.

  22. At all material times, Gino's East Restaurant Corp. and Gino's East Services LLC licensed the name "Gino's East" to the thirteen Gino's East-branded restaurants through a "License Agreement." The Gino's East-branded restaurant located at 160-164 East Superior Street, Chicago, Illinois (the "Superior Street Gino's") is owned by BG East and managed by EG Services. BG East entered into a License Agreement with Gino's East Restaurant Corp. on June 29, 2006. Gino's East Restaurant Corp.'s interest in the License Agreement with BG East was assigned to Gino's East Services LLC in 2007.

  *ANSWER*: BG admits that Gino's East Restaurant Corp. licensed the name "Gino's East" to "Gino's East" branded restaurants through license agreements. BG admits that the Gino's East-branded restaurant located at 160-164 East Superior Street, Chicago, Illinois (the "Superior Street Gino's") is owned by BG East and managed by EG Services. BG admits that BG East entered into a License Agreement with Gino's East Restaurant Corp. on or about June 29, 2006.

BG denies the remaining allegations of Paragraph 22.

23. Under the terms of its License Agreement with BG East, Gino's East Services LLC (and before it, Gino's East Restaurant Corp.) is to receive 4% of the gross sales of the Superior Street Gino's as a continuing royalty.

*ANSWER*: BG admits that under the terms of the License Agreement with BG East, Gino's East Restaurant Corp. is to receive royalty as set forth in that License Agreement. BG denies the remaining allegations of Paragraph 23.

24. In addition, Gino's East Services LLC (and before it, Gino's East Restaurant Corp.) has the authority, and does, exercise control over BG East by, *inter alia,* requiring that BG East: (1) use certain pre-approved suppliers for the purchase of goods, (2) strictly follow its "Confidential Operating Manual," which details precisely how a Gino's East-branded restaurant is to be operated, (3) allow unannounced inspections and site visits, (4) allow for audits of financial records, (5) submit weekly and annual financial reports; (6) receive approval for all marketing and advertising materials, (7) submit to ongoing training as deemed necessary by Gino's East Services LLC, (8) follow mandatory specifications and layouts for a Gino's East-branded restaurant, and (9) maintain all financial records for a minimum of five years, including all credit card and debit card receipts.

*ANSWER*: BG admits that Gino's East Restaurant Corp. has the authority as stated in the License Agreement with BG. BG denies the remaining allegations of Paragraph 24.

25. On June 29, 2006, BG East and EG Services entered into an "On-Site Restaurant Management Agreement," whereby EG Services became the manager of the Superior Street Gino's. Under the terms of the "On-Site Restaurant Management Agreement," EG Services was responsible for "establish[ing] the Restaurant's policy regarding association with credit card systems."

*ANSWER*: BG admits that on or about June 29, 2006, BG East and EG Services entered into an "On-Site Restaurant Management Agreement," whereby EG Services became the manager of the Superior Street Gino's. BG denies the remaining allegations of Paragraph 25.

26. Defendants accept from their customers certain credit and debit cards for payment for the services they provide, including American Express, MasterCard, Visa, and Discover. In transacting business with persons such as Plaintiff and members of the Class, Defendants use cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions. It is the policy and practice of Defendants to provide each of their customers with an electronically printed receipt for each transaction made by either credit card or debit card.

*ANSWER*: BG denies the allegations of Paragraph 26. BG answers further that

restaurants using the Gino's East trademark accept from their customers certain credit and debit cards for payment for the services they provide.

27. Plaintiff is informed and believes, and thereupon alleges, that at all times material to this action Bravo, Gino's East Restaurant Corp., EG Services, Gino's East Services LLC, BG East, and Does 1 through 10 were affiliated and were an integrated enterprise and were engaged in a joint enterprise or venture, acting together as co-owners, partners, co-ventures, and/or agents.

*ANSWER*: BG denies the allegations of Paragraph 27.

### The FACTA

28. The FACTA, signed into law on December 4, 2003, is designed, in part, to deter the growing problem of identity theft in the United States.

*ANSWER*: Paragraph 28 contains a legal conclusion for which no answer is required. To the extent a further answer is required BG denies the allegations of Paragraph 28.

29. Pertinent here, the FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. §1681c(g).

*ANSWER*: BG admits that FACTA contains the language set forth in Paragraph 29. BG denies the remaining allegations of Paragraph 29 as containing a legal conclusion.

30. The FACTA gave companies up to a generous three-year phase-in period with which to comply with its Prohibited Information mandates. This Prohibited Information provision of the FACTA became effective on December 4, 2006 with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was in use before January 1, 2005.

*ANSWER*: BG admits that FACTA contains language set forth in Paragraph 30. BG denies the remaining allegations of Paragraph 30 as containing a legal conclusion.

31. All cash registers or other machines or devices that electronically print receipts for credit card or debit card transactions that were first put into use on or after January 1, 2005 were required to be immediately compliant with 15 U.S.C. §1681c(g).

*ANSWER*: Paragraph 31 contains a legal conclusion for which no answer is required. To the extent a further answer is required BG denies the allegations of Paragraph 31.

32. Notwithstanding that there was up to a three-year period with which to comply

with the Prohibited Information provision of the FACTA, Defendants continue to issue electronically printed receipts to consumers that contain more than the last five digits of the consumer's credit card or debit card and/or the consumer's credit card or debit card expiration date.

> *ANSWER*:   BG denies the allegations of Paragraph 32.

33.   Defendants knew of, or should have known of, and were informed about the law, including specifically the FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates. For example, but without limitation, several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards Council (an consortium founded by VISA, MasterCard, Discover, American Express, and JCB), companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendants about the FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and the prohibition on the printing of expiration dates, and the need to comply with the same.

> *ANSWER*:   BG denies the allegations of Paragraph 33.

34.   In addition, Defendants were aware of the need to omit more than the last five digits of credit and debit card numbers, as well as to omit credit and debit card expiration dates from receipts, because the Illinois Consumer Fraud and Deceptive Business Practices Act mandates that "no provider may print or otherwise produce or reproduce or permit the printing or other production or reproduction of the following: (i) any part of the credit card or debit card account number, other than the last 4 digits or other characters, (ii) the credit card or debit card expiration date on any receipt provided or made available to the cardholder." 815 ILCS 505/2NN.

> *ANSWER*:   BG denies the allegations of Paragraph 34.

35.   Despite Defendants' knowing, or reckless disregard of, the FACTA and the importance of truncating credit card and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had up to more than three years to comply with the FACTA's requirements, Defendants willfully violated and continue to violate the FACTA's requirements by, *inter alia,* printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to members of the Class – persons with whom Defendants transact business.

> *ANSWER*:   BG denies the allegations of Paragraph 35.

36.   Most of Defendants' business peers and competitors readily brought their credit card and debit card receipt-printing process into compliance with the FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date on the electronically printed receipts provided to cardholders. Defendants could and should have readily done the same.

> *ANSWER*:   BG denies the allegations of Paragraph 36.

37.     In contrast, Defendants willfully disregarded the FACTA's requirements, and the requirements of Illinois state law, by continuing to use cash registers or other machines or devices that print receipts containing Prohibited Information in violation of the FACTA.

*ANSWER*:    BG denies the allegations of Paragraph 37.

38.     Defendants willfully violated the FACTA in reckless disregard of the rights of Plaintiff and the members of the class thereby exposing Plaintiff and the members of the class to an increased risk of identity theft and credit and/or debit card fraud.

*ANSWER*:    BG denies the allegations of Paragraph 38.

39.     As a result of Defendants' willful violations of the FACTA, Defendants are, *inter alia,* liable to Plaintiff and each member of the class in the statutory damage amount of "not less than $100 and not more than $1,000" for each violation. 15 U.S.C. §1681n(a)(1)(A).

*ANSWER*:    BG denies the allegations of Paragraph 39.

**The Representative Plaintiff's Credit Card Receipt**

40.     On October 8, 2007, Plaintiff visited the Superior Street Gino's in Chicago, Illinois.

*ANSWER*:    BG is without knowledge sufficient to admit or deny the allegations of Paragraph 40. To the extent a further answer is required BG denies the allegations of Paragraph 40.

41.     After receiving a bill from Defendants, Plaintiff used her American Express credit card to pay Defendants in the amount of $15.05.

*ANSWER*:    BG is without knowledge sufficient to admit or deny the allegations of Paragraph 41. To the extent a further answer is required BG denies the allegations of Paragraph 41.

42.     After processing Plaintiff's credit card, Defendants provided Plaintiff with an electronically printed receipt evidencing the sale (the "Receipt"). A redacted copy of Plaintiff's Receipt is attached hereto as **Exhibit A.**

*ANSWER*:    BG is without knowledge sufficient to admit or deny the allegations of Paragraph 42. To the extent a further answer is required BG denies the allegations of Paragraph

42. BG answering further states that its investigation reveals that the Receipt appears to be from the Gino's East restaurant on Superior Street in Chicago, Illinois and if it was, it would not have been provided by BG.

43. Plaintiff's Receipt includes detailed information about her transaction, including the date of the transaction, Plaintiff's name, the name of the credit card Plaintiff used, the last four digits of Plaintiff's credit card number, and the cost of Plaintiff's purchase. Moreover, Plaintiff's Receipt includes her credit card's expiration date in the month/year format (XX/XX), in clear violation of the FACTA.

*ANSWER*:   BG admits that the copy of the receipt includes what is stated on the receipt. The remaining allegations of Paragraph 43 are conclusions of law for which no answer is required. To the extent a further answer is required BG denies the remaining allegations of Paragraph 43.

44. Upon information and belief, Defendants processed Plaintiff's credit card in the same or substantially similar manner as they do for other consumers and the receipt provided to Plaintiff contained the same or substantially similar information as the receipts for other consumers, including the cardholder's credit/debit card expiration date.

*ANSWER*:   BG denies the allegations of Paragraph 44.

45. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the supervision and control of Bravo, Gino's East Restaurant Corp., Gino's East Services LLC, BG East LLC, EG Services Corp, and Does 1 through 10.

*ANSWER*:   BG denies the allegations of Paragraph 45.

46. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was willful, reckless, and exhibited a grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

*ANSWER*:   BG denies the allegations of Paragraph 46.

### VI. CAUSE OF ACTION

### COUNT I
### Violations of Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681(c)

47. Plaintiff hereby adopts and incorporates by reference paragraphs 1 to 46.

*ANSWER*:    BG adopts and incorporated its answers to Paragraphs 1 through 46 as if stated herein.

48.    Plaintiff brings this claim pursuant to the Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681, *et seq.*

*ANSWER*:    BG admits the allegations of Paragraph 48, but denies that it is liable under the aforementioned Act.

49.    As described above, Defendants routinely violate the FACTA by providing their customers with electronically printed receipts for credit card and debit card purchases that contain more than the last five digits of the customer's card number and/or the card's expiration date.

*ANSWER*:    BG denies the allegations of Paragraph 49.

50.    Defendants willfully violate the FACTA, as described above.

*ANSWER*:    BG denies the allegations of Paragraph 50.

51.    Plaintiff and the Class are entitled as may be applicable to: (1) actual damages; (2) statutory damages; and (3) punitive damages.

*ANSWER*:    BG denies the allegations of Paragraph 51.

52.    Plaintiff has retained the services of the undersigned attorneys who are entitled to a reasonable fee upon prevailing pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

*ANSWER*:    BG denies the allegations of Paragraph 52.

## AFFIRMATIVE DEFENSES

1. The Superior Street restaurant is operated pursuant to a License Agreement issued to BG East, LLC.

2. BG is neither the owner nor the operator of the Superior Street restaurant.

3. BG is not vicariously liable for the actions of its licensees for alleged violations of FACTA.

Dated: March 17, 2008

                                          Respectfully submitted,

                                          BG East, LLC

                                          By: /s/Daniel S. Kaplan
                                                One of its attorneys

Daniel S. Kaplan (ARDC No. 6204533)
Marcia G. Cotler (ARDC No. 6201178)
Kaplan & Greenswag LLC
181 Waukegan Road Suite 205
Northfield, IL 60093
Ph:   (847) 501-5300
Fax: (847) 501-5325