IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNE L. STEWART, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>GINO'S EAST RESTAURANT CORP., et al.,<br><br>        Defendants.<br>_____<br><br>BG EAST, LLC,<br><br>        Defendant/Third-Party Plaintiff,<br><br>v.<br><br>DATA WAVE, INC.,<br><br>        Third-Party Defendant. | Case No. 07 CV 6340<br><br>Judge Coar<br><br>Magistrate Judge Cole |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS THIRD PARTY COMPLAINT**

Third-Party Defendant, Data Wave Inc. ("Data Wave"), by and through its attorney, Charles J. Corrigan, Dommermuth, Brestal, Cobine, and West Ltd., of counsel, for its Memorandum of Law in Support of its Motion to Dismiss BG East, LLC's ("BG East") Third Party Complaint, states as follows:

**Introduction**

Plaintiff in this matter has brought a class action complaint under the Fair and Accurate Credit Transactions Act ("FACTA") against a number of "Gino's East" restaurants in the Chicago area. One of the defendants, BG EAST, LLC, operates a Gino's East on Superior Street in Chicago, which was formerly run as "Joey Buona's Pizzeria and Grille." BG East has

- 1 -

135187/2

- 2 -

brought a Third Party Complaint for breach of contract against Data Wave, Inc., claiming that Data Wave was hired "to assure that the restaurant's software and hardware were in compliance with all applicable laws." (Third Party Complaint, ¶ 12) Therefore, BG East seeks indemnification from Data Wave if it is found to have liability to the Plaintiff for FACTA violations.

Data Wave seeks dismissal of the Third Party Complaint because the Construction Contract appended as an exhibit to the Third Party Complaint is materially inconsistent with the allegations made by BG East, and fails to support a claim against Data Wave.

## Argument

**I. The Legal Standard for the Motion to Dismiss.**

A motion to dismiss brought under Rule 12(b)(6) should be granted if the complaint fails to state a claim that entitles the plaintiff to relief. *Corcoran v. Chicago Park District,* 875 F.2d 609, 611 (7th Cir. 1989). In evaluating the motion, the court must assume all well-pleaded allegations in the complaint are true, and construe them in the light most favorable to the plaintiff. *Alexander v. City of Chicago,* 994 F-2d 333, 335 (7th Cir. 1993).

The Court need not, however, ignore facts in the complaint that undermine the plaintiff's case. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992).

When reviewing a motion to dismiss, the Court may consider exhibits attached to the complaint as part of the pleadings. *Beam v. IPCO Corp.,* 838 F.2d 242, 244 (7th Cir. 1988). Furthermore, "[W]here the allegations of a pleading are inconsistent with the terms of a written contract attached as exhibit, the terms of the latter, fairly construed, must prevail over the averments differing therefrom." *Foshee v. Daoust Constr. Co.,* 185 F.2d 23, 25 (7th Cir. 1950);

see also *Bell v. Lane,* 657 F.Supp. 815, 817 (N.D.Ill.1987) (where exhibits attached to complaint negate its allegations, a court is not required to credit unsupported allegations).

**II.  The terms of the written Construction Contract attached to the Third Party Complaint are materially inconsistent with the allegations of the Third Party Complaint.**

BG East's Third Party Complaint has but one Count – Breach of Contract.  The contractual term that Data Wave is alleged to have breached is set forth in Paragraph 12: "Beginning in June 2006, Data Wave was retained by BG to perform all necessary upgrades and revisions to the software and hardware for processing credit card transactions at the Superior Street location and to convert said software and equipment for use as a Gino's East restaurant on Superior Street.  Data Wave was to assure that the software and hardware were in compliance with all applicable laws.  A copy of the service invoice and a contract for said service is attached hereto as Exhibit 'A'."  (Third Party Complaint, ¶ 12)

A review of Exhibit A, the alleged Contract between BG East and Data Wave, shows that the allegations of Paragraph 12 regarding "assurances" that "the software and hardware were in compliance with all applicable laws" are inconsistent with the actual terms of the Contract.

Nowhere in the Construction Contract (Exhibit A to the Third Party Complaint) is there any reference to FACTA, nor any promise by Data Wave that it would ensure that BG East was in compliance with FACTA.  Instead, the Contract simply states: "Upon your written acceptance of this Contract, on page 2 hereof, you are hereby authorized to furnish all labor and equipment to do the POS set up for the building located at 162 East Superior Street, Chicago, Illinois 60611 in accordance with the plans and specifications."  (Contract, p. 1)

Furthermore, there is no warranty or promise by Data Wave in the Construction Contract by Data Wave that Data Wave will "assure that the software and hardware [are] in compliance

- 3 -

135187/2

with all applicable laws." Such language simply does not exist in the Contract. The only reference in the Contract to "applicable laws" cannot be read as a warranty regarding FACTA compliance. On page 2 of the Contract, it states: "You shall, at all times, keep the building and premises clean of debris arising out of the operations of your work and protect finished work of other trades from damage caused by your operations and shall comply with all safety measure, applicable laws, rules regulations for the safety of all persons and property at the premises." (Contract, p. 2) The only reasonable interpretation of this provision of the Contract is that it relates to safety requirements in the carrying out of the work under the Contract, and cannot be reasonably stretched to become a warranty that the work would comply with FACTA.

The provisions of the Contract attached to the Third Party Complaint are therefore materially inconsistent with the allegations of the Third Party Complaint. In such a case, the terms of the exhibit to the Complaint control over any contrary allegations in the Complaint itself. *Perkins v. Silverstein,* 939 F.2d 463, 469 (fn. 4) (7th Cir. 1991) ("In determining the sufficiency of a complaint we must rely on the exhibits whenever the allegations of the complaint are materially inconsistent with those exhibits.") "To this end, it is true that '[a] Plaintiff may plead himself out of court by attached documents to the complaint that indicate he or she is not entitled to judgment." *Ogden Martin Systems of Indianapolis, Inc. v. Whiting Corp.,* 179 F.3d 523, 529 (7th Cir. 1999).

For an agreement to be legally binding, it must be reasonably definite and certain in its terms. *Midwest Builder Distributing, Inc. v. Lord and Essex, Inc.*, 2007 WL 3341696 (1st Dist. 2007). In order for a contract to be enforceable, its terms and provisions must enable the Court to ascertain what the parties have agreed to do. *Crestview Builders, Inc. v. Noggle Family Limited Partnership*, 353 Ill. App. 3d 1182, 816 N.E. 2d 1132, 287 Ill. Dec. 921 (2nd Dist. 2004).

135187/2

Furthermore, Courts will only infer a meaning intended at the time of entering into a Contract, and not the meaning a party affixes to the contract after a dispute arises. *Regency Commercial Associates, LLC v. Lopax, Inc.,* 373 Ill. App. 3d 270, 869 N.E. 2d 310, 311 Ill. Dec. 636 (4th Dist. 2007). The presumption is that the parties introduced into the contract every material item and term, and in construing it, the Court will not add another term upon which the agreement is silent. *Ripley v. Kaemmerer*, 279 Ill. App. 336 (4th Dist. 1935).

In addition, where the documents attached to the complaint contradict an allegation contained in the complaint, the document fairly construed controls and the court need not accept the allegation as true. *Foshee v. Daoust Construction Co.*, 185 F. 2d 23 (7th Cir. 1950). Data Wave had no obligation to under the express terms of the Construction Contract to ensure that the software and hardware were in compliance with all applicable laws, including FACTA. The Third Party Complaint fails to strike a cause of action for beach of contract, and should be dismissed.

## Conclusion

WHEREFORE, Third-Party Defendant, Data Wave, Inc., prays for dismissal of the Third Party Complaint against it pursuant to Fed. R. Civ. P. Rule 12 (b)(6).

Dated: May 6, 2008                    Respectfully Submitted,
                                      Data Wave, Inc., Third Party Defendant

                                      By:    s/ Charles J. Corrigan
                                             One of its attorneys

Charles J. Corrigan
ARDC #6196402
Dommermuth, Brestal, Cobine and West, Ltd.
123 Water Street
Naperville, Illinois 60540
Ph: 630-355-5800
Fax: 630-355-5976
Email: cjc1@dbcw.com

135187/2