

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNE L. STEWART, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GINO'S EAST RESTAURANT CORP. BRAVO RESTAURANTS, INC., BG EAST, LLC, EG SERVICES CORP., GINO'S EAST SERVICES, LLC, and DOES 1-10,<br><br>　　　　Defendants.<br><br>BG EAST LLC,<br><br>　　　　Defendant/Third-Party Plaintiff,<br><br>v.<br><br>DATA WAVE, INC.<br><br>　　　　Third-Party Defendant. | Case No. 07 CV 6340<br><br>Judge Coar<br><br>Magistrate Judge Cole |

## PROTECTIVE ORDER

1.　　The Court finds that discovery in this case will involve production of trade secrets and confidential financial information including but not limited to confidential consumer credit and debit card account information, and orders that any such trade secrets and/or confidential financial information shall not be used for any purpose other than this lawsuit. The Court further orders that any such confidential proprietary information shall not be made public, or be otherwise disseminated, except as set forth in this Protective Order. The parties have agreed to the form of this Protective Order. In order to preserve confidentiality and to facilitate

discovery, this Court finds that good cause exists for the issuance of this Protective Order under FRCP26(c).

2. "CONFIDENTIAL MATERIAL" shall include information that is a trade secret or confidential financial information, including but not limited to an individual or a corporation's credit or debit card account information. Except with the prior written consent of the party or other person originally designating a document or other information as confidential, no CONFIDENTIAL MATERIAL may be disclosed to any person. For purposes of this Protective Order, the term DOCUMENT means all written, recorded, or graphic material, whether produced pursuant to a request for production, subpoena duces tecum, subpoena, by agreement, or otherwise. Other information including interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain material entitled to protection may be stamped "CONFIDENTIAL", but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection. Any party may designate any DOCUMENT or other information produced in this litigation as CONFIDENTIAL MATERIAL notwithstanding whether it is the original producing party.

3. A party may designate a DOCUMENT or other information as CONFIDENTIAL MATERIAL by identifying it with reasonable specificity in writing when the information is produced, disclosed or revealed. Further, a DOCUMENT or other information may be designated as CONFIDENTIAL MATERIAL by marking or stamping it, as appropriate, "CONFIDENTIAL" or some similar designation prior to its production to the receiving party. To designate multiple page materials as CONFIDENTIAL MATERIAL, such DOCUMENT or other information must be conspicuously marked or stamped on each page. If a DOCUMENT

or other information is not so marked prior to its disclosure to a receiving party but is otherwise designated as CONFIDENTIAL MATERIAL in writing at or before the time it is disclosed, the receiving party shall promptly cause the DOCUMENT or other information to be appropriately marked or stamped. To designate a computer database, disc, compact disc, drive, or other electronically recorded material as CONFIDENTIAL MATERIAL, the disclosing party shall mark the case or envelope containing the CONFIDENTIAL INFORMATION with the word "CONFIDENTIAL." Any party that causes DOCUMENTS to be printed from such electronic media shall mark the printed DOCUMENTS as "CONFIDENTIAL". Material containing CONFIDENTIAL INFORMATION shall be marked in such a manner that it does not cover, obscure or impair the legibility of any information contained within the material.

4. Notwithstanding the foregoing, CONFIDENTIAL MATERIAL may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this specific action/litigation as cited in the style above; to the partners, associates, secretaries, paralegals, assistants, and employees of such counsel to the extent reasonably necessary to render professional services in such litigation; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). CONFIDENTIAL MATERIAL may also be disclosed:

(1) to each party involved in this litigation and their directors, officers, employees and agents in connection with the prosecution, defense, supervision or settlement of this action if counsel for the party has consented to and signed this Order;

(2) to any insurer of a party or reinsurer or auditor of any insurer where the insurer's counsel has consented to and signed this Order and where there is an express confidentiality agreement between the insurer and its reinsurer or auditor that encompasses matters disclosed as part of this litigation;

(3) to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(4) to employees of any non-party involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system if counsel for the party that hires the non-party has consented to and signed this agreement and an authorized representative of the non-party signs and counsel for the relevant party maintains a form containing:

 (i) a recital that the non-party representative read and understands this Order;

 (ii) a recital that all employees of the non-party will be made aware of the provisions of this Order; and

 (iii) a recital that the signatory understands that the non-party will be liable for any unauthorized disclosures and any disclosure of CONFIDENTIAL MATERIAL may constitute contempt of Court;

(5) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify and who are not already identified in subparagraphs (1) to (4) above; to outside consultants, consulting experts, or testifying experts retained for the purpose of assisting counsel in the litigation; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and maintained by counsel for the relevant party a form containing:

 (i) a recital that the signatory has read and understands this Order; and

 (ii) a recital that the signatory understands that unauthorized disclosures of CONFIDENTIAL MATERIAL may constitute contempt of Court.

(6) For those persons identified in subparagraphs (1) to (5) above, prior to disclosing any CONFIDENTIAL MATERIAL received from another party, the receiving party must (i) inform each person that the information is confidential, (ii) subject to the Order and (iii) provide that person with a copy of this Order.

(7) A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially confidential DOCUMENTS or other information.

(8) Any CONFIDENTIAL MATERIAL may be disclosed to court reporters or stenographers employed in connection with this action if they are advised of the requirement not to disclose or discuss CONFIDENTIAL MATERIAL they may observe during the taking of the deposition.

(9) Parties (and deponents) may, within 10 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. CONFIDENTIAL INFORMATION within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential — Subject to Protection Pursuant to Court Order." Until expiration of the 10-day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates CONFIDENTIAL INFORMATION in a deposition, then none of the transcript will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

5. <u>Confidential Material at Trial</u>. Subject to the Federal Rules of Evidence, CONFIDENTIAL MATERIAL may be offered in evidence at trial or any court hearing. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as CONFIDENTIAL MATERIAL and, if so, what protection, if any, may be afforded to such information at the trial.

6. <u>Subpoena by Other Courts or Agencies</u>. If another court or an administrative agency subpoenas or orders production of CONFIDENTIAL MATERIAL that a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the DOCUMENT or other information as confidential of the pendency of such subpoena or order.

7. <u>Filing</u>. CONFIDENTIAL MATERIAL need not be filed with the clerk except when required in connection with motions for summary judgment, class certification, or other evidentiary matters pending before the Court. If filed, they shall be filed under seal and shall remain sealed while in the office of the clerk so long as they retain their status as CONFIDENTIAL MATERIAL.

8. <u>Client Communication</u>. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of CONFIDENTIAL MATERIAL.

9. <u>Use</u>. Persons obtaining access to CONFIDENTIAL MATERIAL under this Order shall use the information only for preparation and trial of this specific action/litigation specified by the style above (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or other judicial proceedings.

10. <u>Determination by Court</u>. A party that objects to the designation of any information as CONFIDENTIAL MATERIAL shall be required to move the Court for exception to this Order as to each such DOCUMENT, testimony or other information prior to the public use of such information. In such circumstances, the party asserting the confidential nature of any information has the burden of proof.

11. <u>Modification Permitted</u>. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

12. <u>Responsibility of Attorneys</u>. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of materials designated as CONFIDENTIAL. Accordingly, the attorneys of record shall ensure that all confidential documents originally produced on a computer disc or other electronically recorded material bear a "CONFIDENTIAL" stamp if printed for use in connection with a deposition or Court filing.

13. <u>Return of Confidential Material</u>: Upon the written request of a party, at the conclusion of this action, all CONFIDENTIAL MATERIAL provided by that party, including all reproductions that may have been made of any such information, will be returned to the party to whom such matter relates, at the sole expense of the requesting party. Such provision is inapplicable to CONFIDENTIAL MATERIAL filed with the court.

14. <u>No Waiver</u>. Review of the CONFIDENTIAL MATERIAL by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

> i. The inadvertent, unintentional, or in camera disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.
>
> ii. If any party inadvertently discloses information or a document protected by the attorney-client privilege or work-product doctrine for any reason, the party asserting the privilege may retrieve such information or documents. The party asserting the privilege must send all recipients written notice within ten (10) business days after that party has actual notice that the protected information or document was disclosed. Each recipient has ten (10) business days from the day it receives such notice to confirm in writing that it has returned or destroyed all copies of the information or each document in its possession or that it will not comply with the notice. The party asserting the privilege may seek a protective order with fifteen business days after it receives notice that the recipient will not comply. A recipient must not use the information or documents for any purpose following its receipt of notice from the producing party, until all applicable time limits under this paragraph have expired or the Court has ruled on a motion for a protective order. Any privilege that a party may be entitled to assert will be deemed waived solely for the purposes of this litigation if a Party asserting a privilege does not seek to retrieve the information or documents or move for a protective order in the time permitted in this paragraph.
>
> iii. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

      iv. Where a party is asserting a confidentiality interest in documents produced by another party, any claims for confidentiality shall be asserted within 30 days of the date that the documents are received or actually available for review to the party asserting the confidentiality interest. For large document productions requiring extensive review, a party may request that the Court grant an extension of up to an additional 30 days for confidentiality review for good cause shown.

Entered this ___7th___ day of May, 2008.

                                                  _____
                                                  United States District Judge