IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNE L. STEWART, on behalf of herself and all others similarly situated, ) ) ) | |
| ) | Case No. 07 CV 6340 |
| Plaintiff, ) | |
| ) | Judge Coar |
| v. ) | |
| ) | Magistrate Judge Cole |
| GINO'S EAST RESTAURANT CORP. ) BRAVO RESTAURANTS, INC., BG EAST, ) LLC, EG SERVICES CORP., GINO'S EAST ) SERVICES, LLC, and DOES 1-10, ) ) | |
| Defendants. ) _____) ) | |
| BG EAST LLC, ) ) | |
| Defendant/Third-Party Plaintiff, ) ) | |
| v. ) ) | |
| DATA WAVE, INC. ) ) | |
| Third-Party Defendant. ) _____) | |

### *RESPONSE TO DATA WAVE, INC.'S MOTION TO DISMISS*

Data Wave, Inc. ("Data Wave") filed a 12(b)(6) Motion to Dismiss, alleging the contract between Data Wave and BG East LLC ("BG") is "materially inconsistent" with BG's allegations that Data Wave was responsible for assuring that its Point of Sales software and hardware were in compliance with all applicable laws. As set forth more fully below, the language of the contract is consistent with BG's allegations. Moreover, the interpretation of the scope of Data Wave's duties and responsibilities pursuant to the terms of the contract is an issue of fact and thus precludes the granting of Data Wave's

Motion to Dismiss. For following reasons, Data Wave's Motion to Dismiss should be denied.

**I.     The Terms of the Contract are Consistent with the Allegations of The Third-Party Complaint.**

BG hired Data Wave for the specific purpose of providing equipment and labor for the installation of a Point of Sale System ("POS System") intended for processing credit and debit card transactions and printing receipts of the transaction for customers of BG's restaurant. Data Wave held itself out as possessing a certain level of knowledge and competency in the field of POS Systems "evaluation" and "set-up". Specifically, the contract states that Data Wave is to "furnish all labor and equipment to do the POS set up." *A copy of the contract and accompanying invoice to BG for services rendered by Data Wave are attached hereto as Exhibit 1 as well as attached to the Third-Party Complaint as Exhibit A.*

In addition, Data Wave was to provide "24 Hours System Evaluation and set-up at site ($125.00 per hour)" *See Contract at P. 1 and invoice attached thereto.* In addition to costs charged to BG for the POS System hardware and software, BG East paid Data Wave $3,000 for labor associated with the evaluation and setup of the POS System. Further, pursuant to the contract, Data Wave provided continuing services to BG East in the form of "Aloha Annual Phone Help Desk Contract: 18 Stations" for an additional cost of $2,950. *See invoice attached hereto.*

Finally, Data Wave was to provide "work intended to be complete and fully useable as a finished product or system and done in a professional workmanlike manner." *Contract at p. 2.* The Stewart complaint for which BG seeks indemnification from Data Wave in the event it is found liable, alleges that BG's POS System violated The Fair and

2

Accurate Transactions Act, 15 U.S.C. 1681, et seq. "FACTA" by failing to truncate the expiration date of the credit and/or debit cards receipts provided to Plaintiff and others customers similarly situated *(Stewart Complaint at ¶32 et seq.)*. Based upon the contract and the services which Data Wave agreed to provide, Data Wave was responsible for making sure that the POS System truncated the proper information. Data Wave failed to do so.

> **II. Data Wave Knew or Should Have Known of the Legal Requirements that a POS System Be Set Up so as to Truncate the Last Four Digits of a Card's Expiration Date**.

In June 2006, when Data Wave performed the evaluation of BG's POS System, there existed an Illinois law which required that "no provider may print or otherwise produce or reproduce or permit the printing or other production or reproduction of the following: (i) any part of the credit card or debit card account number, other than the last 4 digits or other characters, (ii) the credit card or debit card expiration date on any receipt provided or made available to the cardholder." *815 ILCS 505/2NN*. The Illinois law became effective in June 2005, a full year prior to Data Wave's contract with BG. In addition, FACTA, which was enacted in 2003, provided for a three year phase in period in which BG's existing POS System was required to be in compliance as of December 4, 2006. Therefore, in June 2006 when Data Wave performed the evaluation, and for the year following in which Data Wave provided continuing support, Data Wave was or should have been aware of the legal requirements applicable to BG's POS System. It was Data Wave's responsibility to make sure that the system was "complete and fully useable as a finished product" and that its work was "done in a professional workmanlike manner". *Contract at p. 2*.

3

Data Wave failed to set up the POS System initially so that it truncated the customer's credit and/or debit card information and failed to thereafter inform BG of the need to have the system altered so as to be brought into compliance. In fact, it was only <u>after</u> BG was served with the Stewart lawsuit that Data Wave informed BG of the need to make changes to the POS System so as to comply with the applicable laws.

### III. Disputed Issues of Facts preclude the granting of a 12(b)(6) Motion to Dismiss

Data Wave has alleged that pursuant to the contract attached as an exhibit to the Third-Party Complaint, Data Wave was not responsible to insure that BG's POS System truncated the digits of the expiration date so as to be in compliance with applicable laws. As articulated above, the contract states otherwise. As such, there is a genuine issue of fact as to whether pursuant to the terms of the contract, Data Wave is liable for breach of contract. The facts need to be heard and determined by the Court. Accordingly, Data Wave's Motion to Dismiss pursuant to 12(b)(6) should be denied.

It is well established by federal law that when "a determination necessarily involves issues of fact" it is "inappropriate for resolution in a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6)." *Cushing v. City of Chicago*, 3 F.3d 1156 (7th Cir. 1993). See also, *Lovellette v. Southern R. Co.,* 898 F.2d 1286 (7th Cir. 1990) ("such a determination involves issues of fact, inappropriate for resolution in a FED.R.CIV.P. 12(b)(6) motion to dismiss the pleadings"); *Mitchell v. Archibald & Kendall, Inc.,* 573 F.2d 429, 432 (7th Cir. 1978) ("Where the pleadings raise a contested issue of material fact, a Rule 12(b)(6) motion must be denied.").

While BG contends that the contract is clear on its face that Data Wave was responsible to make sure the POS System was set up in compliance with applicable laws

4

requiring truncating the credit/debit card number as well as its expiration date, Data Wave denies such responsibility thereby creating an issue of fact to be determined by the trier of fact.

WHEREFORE, for all the foregoing reasons, Data Wave, Inc.'s Motion to Dismiss should be denied.

Date: May 27, 2008

>Respectfully submitted,
>
>BG East, LLC
>
>By:   s/ Daniel S. Kaplan
>         One of its attorneys

Daniel S. Kaplan (ARDC No. 6204533)
Marcia G. Cotler (ARDC No. 6201178)
Kaplan & Greenswag LLC
181 Waukegan Road Suite 205
Northfield, IL 60093
Ph:  (847) 501-5300
Fax: (847) 501-5325

# EXHIBIT 1

**BG EAST, LLC**
**600 WEST JACKSON BLVD., STE. 200**
**CHICAGO, ILLINOIS 60661-5612**
**TELE 312.463.1210  FAX 312.798.6761**

DATE: June 9, 2006

RE: _____

TO: Datawave, Inc.
1440 N. Kingsbury
Ste 5
Chicago, IL 60622

ENCLOSED YOU WILL FIND:

| NO. OF COPIES | ITEM | DATED | DESCRIPTION |
|---|---|---|---|
| 2 |  | 5/24/2006 | original signed contracts |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

__1__ SIGN AND RETURN    __1__ COPIES TO OUR OFFICE
____ PER YOUR REQUEST
__1__ FOR YOUR FILES AND USE
____ MAKE NECESSARY CORRECTIONS AND RETURN    ____ COPIES TO OUR OFFICE
____ FOR YOUR REVIEW AND COMMENTS

COMMENTS:

Please mail one signed contract back to us.

Thanks!

FROM:
Ivan Himmel

010603

**BG EAST, LLC**
600 W. JACKSON BLVD., STE 200
CHICAGO, IL 60661
312-463-1210  FAX 312-798-6761

## CONSTRUCTION CONTRACT

May 24, 2006

___Datawave, Inc.___
Contractor
_1440 N. Kingsbury, Suite 5_
Address
___Chicago, IL 60622___
City,       State       Zip
_____(312)943-6255_
Contact Name    Phone

Code all invoices with the corresponding code number for the work done and with the appropriate costs for each item.

| Description | Code No. | Cost |
|---|---|---|
| POS (Point of Sales) | X9150 - est. | $3000 |

Contract for: Point of Sales – Pre-Opening

Agreement between BG East, LLC (Owner) and DataWave, Inc. (Contractor). Upon your written acceptance of this contract, on page 2 hereof, you are hereby authorized to furnish all labor and equipment to do the POS set up for the building located at 162 East Superior Street, Chicago, IL 60611 in accordance with the plans and specifications.
Dated: ___N/A___ Revised thru ___N/A___ By: ___N/A___

Including but not limited to the following: (If additional space is required continue on Exhibit "A" hereto).
Estimate: 24 Hours System Evaluation and set-up at site ($125.00 per hour). If greater time is required then owner's prior agreement is required

It is understood you are to commence work on or about: ___June 5, 2006___
and shall be completed by: ___June 21, 2006___.

We agree to pay for the above work, upon satisfactory completion and acceptance of the work.

Payment shall be made as follows:

1. When equipment items are delivered to the job site and accepted by owner the sum of ___N/A___ dollars ($-0-  ) will be paid.
2. Balance due shall be paid after installation and proper test of the operations of each piece of equipment. Attach a lien waiver and affidavit with each payment request. No payment will be made without appropriate code numbers (see above).

Page 1 of 3

010604

3. Submit invoices in triplicate with code numbers visible.

Any claims for extra payments must be described in detail, and approved in writing by the owner, before such extra work is started.

All state and local taxes, fees, bonds, licenses, permits and imposts, if any, are to be furnished and paid in full, by you, as part of this contract.

Before proceeding with any phase of your work under this contract, you shall notifiy our office of any conflict between the work herein indicated and any other trades; check the progress of the work to date and follow the work of the other trades as construction progresses to insure no conflict between the trades. The work is intended to be complete and fully useable as a finished product or system and done in a professional workmanlike manner. Any additional work caused by your failure to do same will be at your own expense.

It is your responsibility to secure all workmen's compensation (applicable statutory but no less than $100,000) and comprehensive general liability insurance (minimum limits of $1,000,000) and to furnish acceptable insurance certificates of this coverage prior to the start of any work.

You shall, at all times, keep the building and premises clean of debris arising out of the operations of your work and protect finished work of other trades from damage caused by your operations and shall comply with all safety measure, applicable laws, rules regulations for the safety of all persons and property at the premises.

You do hereby warrant, that all material and equipment supplied for this job shall be new and free from faults and defects, and standard written equipment warranties shall be included and delivered to owner and also included is an one year warranty (from completion of the contract work) on all workmanship and materials.

You shall promptly submit shop drawings and samples.

Finally, if, your work is not being completed in a satisfactory manner or on a satisfactory work schedule, then seven days after a written notice, with complaints itemized, has been delivered to you, and in the opinion of the architect named above, the conditions named have not been corrected, then this agreement shall become null and void and the contract cancelled.

BG East, LLC, an Illinois Limited Liability Company

By: _____

Accepted: _____
By: _____
Date: _____

010605

I, _____ certify that the _____ is a partnership, sole proprietorship, corporation and that _____ has full authority to execute this contract.

_____

# EXHIBIT "A"

## TO THE AGREEMENT DATED _____, 20 ___
## BETWEEN BG EAST, LLC (OWNER)
## AND
## _____ (Contractor)

| Item# | Number | Description | Code | Cost |
|---|---|---|---|---|
| | | | | |

010606



**DataWave, Inc**
1440 N. Kingsbury
Suite 5
Chicago, IL 60622

Phone: 312-943-6255
Fax: 312-943-8007
Email: Sales@data-wave.com

**Service Invoice**
7767
6/15/2006

Printed 7/7/2006

**Bill To:**
Gino's East Superior
160 East Superior
Chicago, IL 60611

**Terms**

**Work Location:**
Primary
Gino's East Superior
160 East Superior
Chicago, IL 60611

Start Date: 6/15/2006   I_IMOLEMENTATION   Job Number:7570

| Date | Team | Qty | Description | Price | Extended Price |
|---|---|---|---|---|---|
| 06/15/2006 | Joedy Smith | | Aloha Annual Phone Help Desk Contract: 18 Stations | $2,950.00 | $2,950.00 |
| 06/15/2006 | Joedy Smith | | Phone Support for Del Module | $100.00 | $100.00 |
| 06/15/2006 | Joedy Smith | 24.00 | Training Hours - Standard. Mon-Fri: 9am - 6pm | $125.00 | $3,000.00 |
| 06/15/2006 | Joedy Smith | 1.00 | Aloah Key Name Change | $150.00 | $150.00 |
| 06/15/2006 | Lance Chasen | 5.00 | Travel Miles | $0.49 | $2.45 |
| 06/15/2006 | Lance Chasen | | Parking | $20.00 | $20.00 |
| 06/16/2006 | Lance Chasen | 5.00 | Travel Miles | $0.49 | $2.45 |
| 06/16/2006 | Lance Chasen | | Parking | $22.00 | $22.00 |
| 06/22/2006 | Cas Figus | 5.00 | Travel Miles | $0.49 | $2.45 |
| 06/22/2006 | Cas Figus | | Parking | $12.00 | $12.00 |
| 06/23/2006 | Cas Figus | 3.00 | After Hours Field Labor. Mon-Fri: 6pm - 9am | $185.00 | $555.00 |
| 06/23/2006 | Cas Figus | 8.50 | Standard Field Labor. Mon-Fri: 9am - 6pm | $125.00 | $1,062.50 |
| 06/23/2006 | Cas Figus | 5.00 | Travel Miles | $0.49 | $2.45 |
| 06/23/2006 | Cas Figus | | Parking | $30.00 | $30.00 |
| 06/23/2006 | Cas Figus | 8.00 | RJ45 Wall Jack | $6.95 | $55.60 |
| 06/23/2006 | Cas Figus | 4.00 | Wall Jack - 2 port surface mount | $6.95 | $27.80 |
| 06/23/2006 | Cas Figus | 18.00 | RJ45 3' Patch Cable | $6.95 | $125.10 |
| 06/23/2006 | Cas Figus | 13.00 | RJ45 7' Patch Cable | $6.95 | $90.35 |
| 06/23/2006 | Cas Figus | 4.00 | RJ45 7' Patch Cable | $6.95 | $27.80 |
| 06/23/2006 | Cas Figus | 5.00 | Cash Drawer Key | $3.00 | $15.00 |
| 06/23/2006 | Cas Figus | 1.00 | Hard Drive - 20 Gig Refurb (90 day warranty) | $86.80 | $86.80 |
| 06/23/2006 | Cas Figus | 4.00 | IBM: 4840 LCD Bulb | $60.00 | $240.00 |
| 06/23/2006 | Cas Figus | 2.00 | Mini Keyboard and Tray Kit for Radiant 1510 | $180.00 | $360.00 |
| 06/23/2006 | Cas Figus | 4.00 | IBM 4840 SurePOS Power Supply | $210.00 | $840.00 |
| 06/23/2006 | Cas Figus | 2.00 | IBM 4840 SurePOS Touch Glass | $275.00 | $550.00 |
| 06/23/2006 | Lance Chasen | 5.00 | Travel Miles | $0.49 | $2.45 |
| 06/23/2006 | Lance Chasen | | Parking | $30.00 | $30.00 |
| 06/27/2006 | Lance Chasen | 7.50 | Standard Field Labor. Mon-Fri: 9am - 6pm | $125.00 | $937.50 |
| 06/27/2006 | Lance Chasen | 5.00 | Travel Miles | $0.49 | $2.45 |
| 06/27/2006 | Lance Chasen | | Parking | $30.00 | $30.00 |
| 06/27/2006 | Lance Chasen | 2.00 | RJ45 Wall Jack | $6.95 | $13.90 |
| 06/27/2006 | Lance Chasen | 2.00 | Wall Jack - 2 port surface mount | $6.95 | $13.90 |
| 06/27/2006 | Lance Chasen | 5.00 | RJ45 3' Patch Cable | $6.95 | $34.75 |
| 06/27/2006 | Lance Chasen | 2.00 | RJ45 15' Patch Cable | $10.95 | $21.90 |
| 07/05/2006 | Gregory Collins | 1.00 | Service Call. M-F, 9am - 5pm: 0 - 10 Miles | $75.00 | $75.00 |
| 07/05/2006 | Gregory Collins | 3.00 | Standard Field Labor. Mon-Fri: 9am - 6pm | $125.00 | $375.00 |

**Please Pay From This Invoice**

| 07/05/2006 | Gregory Collins | 6.00 | Travel Miles | $0.49 | $2.94 |
| 07/05/2006 | Gregory Collins |  | Parking | $30.00 | $30.00 |
| 07/05/2006 | Gregory Collins | 2.00 | IBM: 4840 LCD Bulb | $60.00 | $120.00 |

|  |  |
| --- | --- |
| Subtotal: | $12,019.54 |
| Tax: | $236.05 |
| Paid: | $0.00 |
| **Total:** | **$12,255.59** |

*1690*

I hereby acknowledge the satisfactory completion of all services rendered, and agree to pay the cost of services as specified above.

Customer Signature_____ Date  /  /

**Please Pay From This Invoice**



**DataWave, Inc**
1440 N. Kingsbury
Suite 5
Chicago, IL  60622

Phone:  312-943-6255
Fax:      312-943-8007
Email:   Sales@data-wave.com

**Service Invoice**
8107
6/29/2006

Printed 7/7/2006

**Bill To:**
Gino's East Superior
160 East Superior
Chicago, IL  60611

**Terms**

**Work Location:**
Primary
Gino's East Superior
160 East Superior
Chicago, IL  60611

Start Date:   6/29/2006    PURCHASE REQUEST         Job Number: 7925

| Date | Team | Qty | Description | Price | Extended Price |
|---|---|---|---|---|---|
| 06/29/2006 | Patrick O'Donnell | 5.00 | Printer - Epson TM-U220B Serial | $375.00 | $1,875.00 |

Subtotal:  $1,875.00
Tax:          $168.75
Paid:          $0.00
**Total:   $2,043.75**

*1690*

I hereby acknowledge the satisfactory completion of all services rendered, and agree to pay the cost of services as specified above.

Customer Signature_____   Date   /   /

**Please Pay From This Invoice**