IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNE L. STEWART, on behalf of herself and all others similarly situated,   ]<br><br>Plaintiff,   ]<br><br>v.   ]<br><br>GINO'S EAST RESTAURANT CORP., et al.,   ]<br><br>Defendants.   ]<br>_____   ]<br><br>BG EAST, LLC,   ]<br><br>Defendant/Third-Party Plaintiff,   ]<br><br>v.   ]<br><br>DATA WAVE, INC.,   ]<br><br>Third-Party Defendant.   ] | Case No. 07 CV 6340<br><br>Judge Coar<br><br>Magistrate Judge Cole |

**REPLY IN SUPPORT OF
MOTION TO DISMISS THIRD PARTY COMPLAINT**

Third-Party Defendant, Data Wave Inc. ("Data Wave"), by and through its attorney, Charles J. Corrigan, Dommermuth, Brestal, Cobine, and West Ltd., of counsel, for its Reply in Support of its Motion to Dismiss BG East, LLC's ("BG East") Third Party Complaint, states as follows:

**<u>Introduction</u>**

BG East's response to Data Wave's Motion To Dismiss argues that the terms of the contract are consistent with the allegations of the Third Party Complaint because Data Wave was to "furnish all labor and equipment to do the POS setup," provide "24 hour system evaluation and setup," provide "Aloha annual phone help desk support," and to provide "work

intended to be complete and fully useable as a finished product or system and done in a professional and workmanlike manner." (Response, ¶ 2).  Furthermore, BG East argues that Data Wave knew or should have known of the truncation requirements under FACTA and 815 ILCS 505/2NN, and it was Data Wave's responsibility to ensure BG's POS System was compliant. (Response, ¶ 5).  BG East also contends that there are disputed issues of fact which preclude the granting of a 12(b)(6) Motion To Dismiss due to the fact that BG's interpretation of the contract differs from Data Wave's. (Response, ¶ 7).

BG East's Response appears to abandon the original claims made in its Third Party Complaint, namely, that Dave Wave had "assure[d] that the software and hardware [are] in compliance with all applicable laws."  Instead, it grasps at bits and pieces of the Contract, and tries to glue them together to create an obligation by Data Wave to ensure BG East's compliance with FACTA.  Its attempt fails for the reasons stated below.

### Argument [1]

**I. The terms of the written construction contract attached to the Third Party Complaint are materially inconsistent with the allegations of the Third Party Complaint.**

BG East argues in its Response that Data Wave breached the Contract by not ensuring compliance with FACTA and 815 ILCS 505/2NN.  Nowhere in the Construction Contract (Exhibit A to the Third Party Complaint) is there any reference to FACTA or 815 ILCS 505/2NN, nor any promise by Data Wave that it would ensure that BG East was in compliance

---

[1] Data Wave files it Reply pursuant to the briefing schedule established by the Court, but notes that very recent legislation likely moots BG East's Third Party Complaint.  Public Law No: 110-241, passed on June 3, 2008,  titled the "Debit and Credit Card Receipt Clarification Act," amended FACTA to grant retroactive immunity to declare that any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale (POS) or transaction between December 4, 2004, and the enactment of this Act, but otherwise complied with FCRA requirements for such receipt, shall not be in willful noncompliance by reason of printing such expiration date on it.  The effect of the this law effectively renders Anne L. Stewart's Complaint against BG East, and consequently BG East's Third Party Complaint against Data Wave, moot.

- 3 -

with FACTA or Illinois law.  Instead, the Contract simply states: "Upon your written acceptance of this Contract, on page 2 hereof, you are hereby authorized to furnish all labor and equipment to do the <u>POS set up</u> for the building located at <u>162 East Superior Street, Chicago, Illinois 60611</u> in accordance with the plans and specifications."  (Contract, p. 1)

Furthermore, there is no warranty or promise by Data Wave in the Construction Contract that Data Wave will "assure that the software and hardware [are] in compliance with all applicable laws."  Such language simply does not exist in the Contract.

The provisions of the Contract attached to the Third Party Complaint are therefore materially inconsistent with the allegations of the Third Party Complaint, both as originally pled, and as argued in BG East's Response brief.  Where the documents attached to the complaint contradict an allegation contained in the complaint, the document fairly construed controls and the Court need not accept the allegation as true.  *Foshee v. Daoust Construction Co.*, 185 F. 2d 23 (7th Cir. 1950).  Data Wave had no obligation to under the express terms of the Construction Contract to ensure that the software and hardware were in compliance with all applicable laws, including FACTA.  The Third Party Complaint fails to state a cause of action for beach of contract, and should be dismissed.

**II.    Data Wave's knowledge of FACTA is irrelevant because Data Wave had no obligation to ensure BG East's compliance with FACTA.**

BG East argues in its Response that Data Wave should have known of the truncation requirements of FACTA and 815 ILCS 505/2NN.  Regardless of whether or not Data Wave had knowledge of FACTA and 815 ILCS 505/2NN, it is clear that the plain language of the Contract placed no burden on Data Wave to ensure BG East's compliance with FACTA or 815 ILCS 505/2NN, and contained no warranty or promise that BG East would be in compliance.  Furthermore, all persons are presumed to contract with knowledge of existing law.  *Braye v.*

- 4 -

*Archer-Daniels-Midland Co.,* 175 Ill. 2d 201, 676 N.E. 2d 1295, 222 Ill. Dec. 91 (1997).  BG East can not argue that Data Wave had superior knowledge of the law, and can not shirk its own responsibilities under the law.

**III. There are no disputed issues of fact which preclude the granting of a 12(b)(6) Motion To Dismiss.**

When reviewing a motion to dismiss, the Court may consider exhibits attached to the complaint as part of the pleadings.  *Beam v. IPCO Corp.,* 838 F.2d 242, 244 (7th Cir. 1988).  Nowhere in the Contract is FACTA or 815 ILCS 505/2NN ever referenced.  A plain reading of the Contract indicates that Data Wave undertook no obligation to ensure BG East's compliance with FACTA or 815 ILCS 505/2NN.  BG East points to no disputed issues of fact which preclude Data Wave's 12(b)(6) motion to dismiss, but only to disputed interpretations of the Contract.  Interpretation of a contract is a legal question, and not a factual one. *Downs v. Steel and Craft Builders, Inc.,*358 Ill. App. 3d 201, 831 N.E. 2d 92, 294 Ill. Dec. 569 (2nd Dist. 2005).

### Conclusion

WHEREFORE, Third-Party Defendant, Data Wave, Inc., prays for dismissal of the Third Party Complaint against it.

Dated:  June 5, 2008　　　　　　　　　　　Respectfully Submitted,
　　　　　　　　　　　　　　　　　　　　　Data Wave, Inc., Third Party Defendant

　　　　　　　　　　　　　　　　　　　　　By:     s/ Charles J. Corrigan
　　　　　　　　　　　　　　　　　　　　　　　　One of its attorneys

Charles J. Corrigan
ARDC #6196402
Dommermuth, Brestal, Cobine and West, Ltd.
123 Water Street
Naperville, Illinois 60540
Ph: 630-355-5800
Fax: 630-355-5976
Email: cjc1@dbcw.com