**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ANNE L. STEWART,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No.  07 C 6340** |
| **v.** ) | |
| ) | **HONORABLE DAVID H. COAR** |
| **GINO'S EAST RESTAURANT CORP.,** ) | |
| **BRAVO RESTAURANTS, INC., BG EAST,** ) | |
| **LLC, EG SERVICES CORP., GINO'S** ) | |
| **EAST SERVICES, LLC, and DOES 1-10,** ) | |
| ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Anne Stewart has filed a class action suit against Gino's East Restaurant

Corporation, Bravo Restaurants, Inc., BG East, LLC, EG Services Corp., Gino's East Services, LLC

and Does 1-10, for failure to comply with the Fair and Accurate Credit Transactions Act (FACTA),

15 U.S.C. § 1681 (2008). Plaintiff has not moved for class certification. FACTA prohibits businesses

accepting credit or debit card payment from including the expiration date of the card on customers'

receipts. *Id*. § 1681c(g).  Plaintiff Stewart alleges that the named restaurants violated FACTA by

including expiration dates on their receipts.

BG East (BG) is a Defendant in the alleged class action and the Third Party Plaintiff in the

present action.  BG has filed a Third Party Complaint against Data Wave, Inc. for breach of contract.

Data Wave is a vendor and service provider of software and hardware used by merchants to process

credit card transactions.  BG alleges that Data Wave breached an agreement between the two parties

that required Data Wave to ensure that BG's credit card processing system was compliant with FACTA.

Data Wave has moved to dismiss BG's Third Party Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), for failure to state a claim upon which relief may be granted. Data Wave contends that BG has failed to state a claim against Data Wave because the Construction Contract appended to BG's Third Party Complaint is materially inconsistent with BG's allegations. (Def.'s Mem. in Supp. of Mot. to Dismiss 3-4.)

## I. FACTS

In the summer of 2006, BG purchased a Joey Buona's restaurant, including equipment provided to that restaurant in 2002 by Data Wave. (Third Party Compl. ¶¶ 10-11.) On May 24, 2006, BG retained Data Wave to provide it with equipment and labor for the installation of a Point of Sale (POS) system to process customers' credit and debit card transactions and to print customer receipts. (*Id.* at ¶ 12.) BG alleges in its Third Party Complaint that Data Wave was to provide any necessary upgrades and revisions to the existing software and hardware located at the former Joey Buona's location so that it could be used for credit processing by a new Gino's East restaurant. (*Id.*)

BG alleges that the software and hardware Data Wave provided to BG failed to suppress the expiration date on customers' receipts as required by FACTA and that Data Wave failed to advise BG that the expiration date needed to be suppressed, in breach of an agreement between the two parties represented by a Construction Contract and Service Invoice. (*Id.* at ¶¶ 13-14; *see also* Exhibit A to Third Party Compl.) BG contends that, as part of its agreement with Data Wave, "Data Wave was to assure that the software and hardware were in compliance with all applicable laws." (Third Party Compl. ¶ 12.) Therefore, BG seeks indemnification from Data Wave in the event that it is

found liable for FACTA violations.  (*Id.* at ¶ 16.)

Data Wave responds that nothing in the agreement between the two parties obligated it to ensure that BG's POS system was compliant with FACTA.  The Construction Contract, dated May 24, 2006, states that Data Wave is "authorized to furnish all labor and equipment to do the POS set up for the building."  (Ex. A to Third Party Compl.)  The contract also states that "[t]he work is intended to be complete and fully useable as a finished product or system," that Data Wave "shall comply with all safety measure, applicable laws, rules regulations for the safety of all persons and property at the premises," and that Data Wave warrants "that all material and equipment supplied for this job shall be new and free from faults and defects."  (*Id.*)   Also appended to the Third Party Complaint is a Service Invoice dated June 15, 2006.  The invoice lists as billed to the new Gino's East location an "Aloha Annual Phone Help Desk Contract:  18 Stations."  (*Id.*)

Data Wave contends that nothing in this contract language refers to FACTA (Def.'s Mem. in Supp. of Mot. to Dismiss 3-4) and that this court may not add terms to the contract that would require Data Wave to ensure that BG's POS system was legally compliant.  (*Id.* at 5.)  Data Wave argues that by attaching the contract to its Complaint, BG has therefore pled itself out of court.  (*Id.*)


## II. LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), courts take the allegations in the complaint as true, drawing all possible inferences in favor of the plaintiff.  *Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 618 (7th Cir. 2007).

To state a claim under federal pleading standards, a plaintiff need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to provide the

defendant with "fair notice" of the claim and its basis.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007).  In *Bell Atlantic*, however, the Supreme Court seemingly raised the level of factual development required to state a claim, requiring a complaint to contain more than "labels and conclusions," *id.* at 1964-65, and "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 1974.

The Seventh Circuit has emphasized that *Bell Atlantic* "did not … supplant the basic notice pleading standard."  *Tamayo v. Blagojevich*, No. 07-2975, 2008 WL 2168638, at *8 (7th Cir. May 27, 2008).  The essential requirement of a complaint is that it "give the defendant sufficient notice to enable him to begin to investigate and prepare a defense."  *Id*.  But after *Bell Atlantic*, the Seventh Circuit has also recognized that "the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."  *Airborne Beepers & Video, Inc. v. AT&T Mobility, L.L.C.*, 499 F.3d 663, 667 (7th Cir. 2007); *Killingsworth*, 507 F.3d at 619.

## III. LEGAL ANALYSIS

A district court is entitled to consider exhibits attached to the complaint as part of the pleadings. Fed. R. Civ. P. 10(c); *Chi. Dist. Council of Carpenters Welfare Fund v. Caremark, Inc.*, 474 F.3d 463, 466 (2007).  Under Illinois law, if the terms of the appended contract are unambiguous, the court may interpret them as a matter of law.  *McWane, Inc. v. Crow Chicago Indus., Inc.*, 224 F.3d 582, 584 (7th Cir. 2000).  The intent of the parties may be ascertained purely from the plain language of the contract, and this plain language will refute any contrary allegations in a complaint.  *Kaplan v. Shure Bros., Inc.*, 266 F.3d 598, 604 (7th Cir. 2001); *Ancraft Prods. Co. v. Universal Oil Prods. Co*., 100 Ill.App.3d 694, 427 N.E.2d 585, 587 (1981).  Thus, to the extent that

the unambiguous terms of the contract differ from the allegations of the complaint, the terms of the

contract control. *McWane*, 224 F.3d at 584. This makes it possible for a plaintiff to "plead himself

out of court by attaching documents to the complaint that indicate that he or she is not entitled to

judgment." *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523 (7th Cir. 1999).

In the present case, Data Wave contends that, because the terms of the Construction Contract

refute BG's allegations that "Data Wave was to assure that the software and hardware were in

compliance with all applicable laws," BG has pled itself out of court. (Def.'s Mem. in Supp. of Mot.

to Dismiss 3-4.) The question before this court is whether the terms in the contract are indeed

unambiguous and if so, whether they refute BG's allegations.

Data Wave argues that the plain, unambiguous language of the Construction Contract makes

no reference to FACTA or any other "applicable laws." (Def.'s Mem. in Supp. of Mot. to Dismiss 3-

4.) Data Wave contends that there is no warranty or promise made in the Construction Contract that

Data Wave will assure the software and hardware are in compliance with FACTA. (*Id.*)

Furthermore, it argues, the only reference to legal compliance in the Construction Contract is a

provision stating that Data Wave "shall comply with all safety measure, applicable laws, rules

regulations for the safety of all persons and property at the premises." (*Id.* at 4.) This provision,

however, refers only to compliance with safety requirements. (*Id.*) Furthermore, Data Wave

contends that this court may not add terms to a contract on which the agreement is silent. (*Id.* at 5.)

Data Wave asks this court to dismiss BG's Complaint because, by attaching to its Complaint a

contract which is silent as to compliance with FACTA and other applicable laws, BG has pled itself

out of court. (*Id.*)

Data Wave is correct that, if the Construction Contract is truly silent as to compliance with

applicable laws, this court may not add terms to that effect. The Seventh Circuit has stated that

"extrinsic evidence should not be used to add terms to a contract that is plausibly complete without them." *Bidlack v. Wheelabrator Corp.*, 993 F.2d 603, 608 (7th Cir. 1992). On the other hand, if a contract is not silent, but rather contains terms that are ambiguous, a court must allow a party to "provide extrinsic evidence to support their proposition . . . rather than finding that the term's ambiguity rendered the contract unenforceable." *Tranzact Techs., Ltd. v. Evergreen Partners, Ltd.*, 366 F.3d 542, 547 (7th Cir. 2004); *see also Pritchett v. Asbestos Claims Mgmt. Corp.*, 332 Ill.App.3d 890, 773 N.E.2d 1277, 1283 (2002) ("Extrinsic evidence is admissible to explain the meaning of words in a contract when there is an ambiguity or the words are susceptible of different interpretations.") Thus, this court may allow extrinsic evidence to supplement the terms in a contract rather than interpreting the meaning of the contract as a matter of law, if there is "contractual language on which to hang the label of ambiguous." *Bidlack*, 993 F.2d at 608.

The Seventh Circuit has provided some guidance as to when contract terms are ambiguous. An agreement's language is ambiguous "when it is reasonably susceptible to different construction, not merely when the parties disagree as to its proper construction or application." *Kaplan*, 266 F.3d at 605. Judge Posner has also written that when "an ambiguity is apparent just from reading the contract without having to know anything about how it interacts with the world—then the contract has what is called a patent, or intrinsic, ambiguity, and evidence is admissible to cure it." *Rosetto v. Pabst Brewing Co., Inc.*, 217 F.3d 539, 543 (7th Cir. 2000). The meaning of such a contract may not be determined as a matter of law. *Id.* at 547.

Turning to the Construction Contract and Service Agreement attached to BG's Third Party Complaint, there is apparent ambiguity just from reading the contract. While Data Wave argues that the contract provision stating that Data Wave "shall comply with all safety measure, applicable laws, rules regulations for the safety of all persons and property at the premises" refers only to compliance

with safety requirements, other provisions of the contract could potentially obligate Data Wave to set up a system that complied with FACTA.  For example, the contract states that Data Wave is "authorized to furnish all labor and equipment to do the POS set up for the building."  (Ex. A to Third Party Compl.)  This court has no way to know whether the parties intended the "POS set up" to create a POS system compliant with applicable laws or laws that Data Wave knew would enter into effect during the coming year.  The contract also states that "[t]he work is intended to be complete and fully useable as a finished product or system."  (*Id.*)  It is unclear from the pleadings whether a finished system should have been compliant with FACTA.  Later, the agreement states that Data Wave warrants "that all material and equipment supplied for this job shall be new and free from faults and defects."  (*Id.*)  The language of the contract does not specify whether "faults and defects" could include legal noncompliance.  Finally, the Service Invoice lists as billed to the new Gino's East location an "Aloha Annual Phone Help Desk Contract:  18 Stations."  (*Id.*)  The Service Invoice, dated June 15, 2006, suggests that the Help Desk Contract was in effect on December 4, 2006, the date on which BG's POS system was apparently required to be compliant with FACTA.  (*See* Pl.'s Resp. to Def.'s Mot. to Dismiss 3.)  This court, however, cannot tell from the pleadings what type of assistance was to be provided under the Help Desk Contract, in particular whether it gave Data Wave any responsibility to ensure that BG's POS system was compliant with the new FACTA requirements when they went into effect.

Various terms in the Construction Contract are "reasonably susceptible to different construction."  *Kaplan*, 266 F.3d at 605.  The contract is therefore sufficiently ambiguous that extrinsic evidence may be required to clarify its meaning.  In such a situation, this court may not interpret the terms in the contract as a matter of law.  *Rosetto*, 217 F.3d at 547.  Thus, this court does

-7-

not find, at this point in the litigation, that the terms in the contract refute the allegations in BG's

Third Party Complaint.  Data Wave's Motion to Dismiss the Third Party Complaint is denied.


**IV. CONCLUSION**

      For the reasons stated above, Data Wave's Motion to Dismiss the Third Party Complaint is

denied. Data Wave is given 21 days to answer.


      Enter:

      /s/David H. Coar

      _____

      David H. Coar
      United States District Judge


**Dated: July 8, 2008**