**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANNE L. STEWART, on behalf of herself and all others similarly situated, | ) ) | |
| | ) | Case No. 07 CV 6340 |
| Plaintiff, | ) ) | |
| | ) | Judge Coar |
| v. | ) ) | |
| | ) | Magistrate Judge Cole |
| GINO'S EAST RESTAURANT CORP. BRAVO RESTAURANTS, INC., BG EAST, LLC, EG SERVICES CORP., GINO'S EAST SERVICES, LLC, and DOES 1-10, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| BG EAST LLC, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DATA WAVE, INC. | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| _____ | ) | |

***MOTION FOR ENTRY OF ORDER
OF DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(2)***

GINO'S EAST RESTAURANT CORP. ("Gino's"), BRAVO RESTAURANTS,

INC. ("Bravo"), BG EAST LLC ("BG"), EG SERVICES CORP. ("EG") and GINO'S

EAST SERVICES, LLC ("Gino's Services"), sometimes collectively referred to herein as

"Defendants", by and through their attorneys, Daniel S. Kaplan and Marcia G. Cotler of

Kaplan & Greenswag LLC, bring this Motion for Entry of an Order of Dismissal

Pursuant to Fed. R. Civ. P. 41(a) (2) and in support thereof state as follows:

1.      On November 8, 2007, Stewart, on behalf of herself and others similarly situated, filed a class action complaint against Defendants for alleged violations of FACTA.  The essence of the complaint is that Defendants did not remove the expiration date on a customer receipt and such failure to remove the expiration date was willful. There are no allegations of actual harm.

2.      Defendant BG filed a third party complaint against Data Wave, Inc. ("Data Wave"), its Point of Sale hardware and software provider, for breach of contract for failure to install and service its credit card processing equipment in accordance with applicable laws, including FACTA.  In addition to seeking indemnification in the event it was held liable to Plaintiff for FACTA violations, BG also seeks costs and attorneys' fees for having to defend Plaintiff's lawsuit.

3.      Data Wave filed a Motion to Dismiss BG's Third-Party Complaint but its Motion was denied by this Court on July 8, 2008.  *A copy of Judge Coar's Memorandum and Order is attached hereto as Exhibit 1.*

4.      On June 3, 2008, legislation was passed clarifying the types of publications of credit and debit card information which constitutes a willful violation of FACTA.  In essence, under the current law, Defendants' failure to remove the expiration date was not a willful violation.  Since Stewart's alleged claims of a willful violation were no longer actionable against the Defendants, the case against the Defendants no longer had merit.

5.      Plaintiff informed Defendants that it desired to dismiss the Class Action Complaint with prejudice and proposed a stipulation to do so.  *Copies of emails related to the dismissal issue are attached hereto as Exhibit 2.*  Defendants, however, were

concerned that a dismissal by stipulation pursuant to Fed. R. Civ. P. 41 (a) (1) of all the parties would effectively dismiss the entirety of the action, including BG's Third-Party Complaint against Data Wave.

6.      Defendants also desire to dismiss Plaintiffs' complaint but BG desires to maintain and adjudicate its Third-Party Complaint against Data Wave in which it seeks to recover costs and attorneys' fees incurred to date in having to defend Plaintiff's lawsuit.

WHEREFORE, Defendants GINO'S EAST RESTAURANT CORP., BRAVO RESTAURANTS, INC., BG EAST LLC, EG SERVICES CORP. and GINO'S EAST SERVICES, LLC, respectfully request that this Court enter an Order of Dismissal pursuant to Fed. R. Civ. P. Rule 41(a)(2), in the draft form attached hereto as Exhibit 3, dismissing Plaintiff Anne Stewart's Complaint, but retaining jurisdiction over BG East LLC's Third-Party Complaint.

Date: July 22, 2008

                                        Respectfully submitted,

                                        GINO'S EAST RESTAURANT CORP.,
                                        BRAVO RESTAURANTS, INC.,
                                        BG EAST LLC, EG SERVICES CORP.
                                        and GINO'S EAST SERVICES, LLC

                                        By:     s/ Daniel S. Kaplan
                                                One of their attorneys

Daniel S. Kaplan (ARDC No. 6204533)
Marcia G. Cotler (ARDC No. 6201178)
Kaplan & Greenswag LLC
181 Waukegan Road Suite 205
Northfield, IL 60093
Ph:   (847) 501-5300
Fax: (847) 501-5325

**EXHIBIT 1**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ANNE L. STEWART, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.  07 C 6340** |
| **v.** | ) | |
| | ) | **HONORABLE DAVID H. COAR** |
| **GINO'S EAST RESTAURANT CORP.,** | ) | |
| **BRAVO RESTAURANTS, INC., BG EAST,** | ) | |
| **LLC, EG SERVICES CORP., GINO'S** | ) | |
| **EAST SERVICES, LLC, and DOES 1-10,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Anne Stewart has filed a class action suit against Gino's East Restaurant Corporation, Bravo Restaurants, Inc., BG East, LLC, EG Services Corp., Gino's East Services, LLC and Does 1-10, for failure to comply with the Fair and Accurate Credit Transactions Act (FACTA), 15 U.S.C. § 1681 (2008). Plaintiff has not moved for class certification. FACTA prohibits businesses accepting credit or debit card payment from including the expiration date of the card on customers' receipts. *Id*. § 1681c(g).  Plaintiff Stewart alleges that the named restaurants violated FACTA by including expiration dates on their receipts.

BG East (BG) is a Defendant in the alleged class action and the Third Party Plaintiff in the present action.  BG has filed a Third Party Complaint against Data Wave, Inc. for breach of contract. Data Wave is a vendor and service provider of software and hardware used by merchants to process credit card transactions.  BG alleges that Data Wave breached an agreement between the two parties

that required Data Wave to ensure that BG's credit card processing system was compliant with FACTA.

Data Wave has moved to dismiss BG's Third Party Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), for failure to state a claim upon which relief may be granted. Data Wave contends that BG has failed to state a claim against Data Wave because the Construction Contract appended to BG's Third Party Complaint is materially inconsistent with BG's allegations. (Def.'s Mem. in Supp. of Mot. to Dismiss 3-4.)

## I. FACTS

In the summer of 2006, BG purchased a Joey Buona's restaurant, including equipment provided to that restaurant in 2002 by Data Wave. (Third Party Compl. ¶¶ 10-11.) On May 24, 2006, BG retained Data Wave to provide it with equipment and labor for the installation of a Point of Sale (POS) system to process customers' credit and debit card transactions and to print customer receipts. (*Id.* at ¶ 12.) BG alleges in its Third Party Complaint that Data Wave was to provide any necessary upgrades and revisions to the existing software and hardware located at the former Joey Buona's location so that it could be used for credit processing by a new Gino's East restaurant. (*Id.*)

BG alleges that the software and hardware Data Wave provided to BG failed to suppress the expiration date on customers' receipts as required by FACTA and that Data Wave failed to advise BG that the expiration date needed to be suppressed, in breach of an agreement between the two parties represented by a Construction Contract and Service Invoice. (*Id.* at ¶¶ 13-14; *see also* Exhibit A to Third Party Compl.) BG contends that, as part of its agreement with Data Wave, "Data Wave was to assure that the software and hardware were in compliance with all applicable laws." (Third Party Compl. ¶ 12.) Therefore, BG seeks indemnification from Data Wave in the event that it is

-2-

found liable for FACTA violations.  (*Id.* at ¶ 16.)

Data Wave responds that nothing in the agreement between the two parties obligated it to ensure that BG's POS system was compliant with FACTA.  The Construction Contract, dated May 24, 2006, states that Data Wave is "authorized to furnish all labor and equipment to do the POS set up for the building."  (Ex. A to Third Party Compl.)  The contract also states that "[t]he work is intended to be complete and fully useable as a finished product or system," that Data Wave "shall comply with all safety measure, applicable laws, rules regulations for the safety of all persons and property at the premises," and that Data Wave warrants "that all material and equipment supplied for this job shall be new and free from faults and defects."  (*Id.*)   Also appended to the Third Party Complaint is a Service Invoice dated June 15, 2006.  The invoice lists as billed to the new Gino's East location an "Aloha Annual Phone Help Desk Contract:  18 Stations."  (*Id.*)

Data Wave contends that nothing in this contract language refers to FACTA (Def.'s Mem. in Supp. of Mot. to Dismiss 3-4) and that this court may not add terms to the contract that would require Data Wave to ensure that BG's POS system was legally compliant.  (*Id.* at 5.)  Data Wave argues that by attaching the contract to its Complaint, BG has therefore pled itself out of court.  (*Id.*)

## II. LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), courts take the allegations in the complaint as true, drawing all possible inferences in favor of the plaintiff.  *Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 618 (7th Cir. 2007).

To state a claim under federal pleading standards, a plaintiff need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to provide the

defendant with "fair notice" of the claim and its basis. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). In *Bell Atlantic*, however, the Supreme Court seemingly raised the level of factual development required to state a claim, requiring a complaint to contain more than "labels and conclusions," *id.* at 1964-65, and "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

The Seventh Circuit has emphasized that *Bell Atlantic* "did not … supplant the basic notice pleading standard." *Tamayo v. Blagojevich*, No. 07-2975, 2008 WL 2168638, at *8 (7th Cir. May 27, 2008). The essential requirement of a complaint is that it "give the defendant sufficient notice to enable him to begin to investigate and prepare a defense." *Id*. But after *Bell Atlantic*, the Seventh Circuit has also recognized that "the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility, L.L.C.*, 499 F.3d 663, 667 (7th Cir. 2007); *Killingsworth*, 507 F.3d at 619.

## III. LEGAL ANALYSIS

A district court is entitled to consider exhibits attached to the complaint as part of the pleadings. Fed. R. Civ. P. 10(c); *Chi. Dist. Council of Carpenters Welfare Fund v. Caremark, Inc.*, 474 F.3d 463, 466 (2007). Under Illinois law, if the terms of the appended contract are unambiguous, the court may interpret them as a matter of law. *McWane, Inc. v. Crow Chicago Indus., Inc.*, 224 F.3d 582, 584 (7th Cir. 2000). The intent of the parties may be ascertained purely from the plain language of the contract, and this plain language will refute any contrary allegations in a complaint. *Kaplan v. Shure Bros., Inc.*, 266 F.3d 598, 604 (7th Cir. 2001); *Ancraft Prods. Co. v. Universal Oil Prods. Co*., 100 Ill.App.3d 694, 427 N.E.2d 585, 587 (1981). Thus, to the extent that

the unambiguous terms of the contract differ from the allegations of the complaint, the terms of the

contract control. *McWane*, 224 F.3d at 584. This makes it possible for a plaintiff to "plead himself

out of court by attaching documents to the complaint that indicate that he or she is not entitled to

judgment." *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523 (7th Cir. 1999).

In the present case, Data Wave contends that, because the terms of the Construction Contract

refute BG's allegations that "Data Wave was to assure that the software and hardware were in

compliance with all applicable laws," BG has pled itself out of court. (Def.'s Mem. in Supp. of Mot.

to Dismiss 3-4.) The question before this court is whether the terms in the contract are indeed

unambiguous and if so, whether they refute BG's allegations.

Data Wave argues that the plain, unambiguous language of the Construction Contract makes

no reference to FACTA or any other "applicable laws." (Def.'s Mem. in Supp. of Mot. to Dismiss 3-

4.) Data Wave contends that there is no warranty or promise made in the Construction Contract that

Data Wave will assure the software and hardware are in compliance with FACTA. (*Id.*)

Furthermore, it argues, the only reference to legal compliance in the Construction Contract is a

provision stating that Data Wave "shall comply with all safety measure, applicable laws, rules

regulations for the safety of all persons and property at the premises." (*Id.* at 4.) This provision,

however, refers only to compliance with safety requirements. (*Id.*) Furthermore, Data Wave

contends that this court may not add terms to a contract on which the agreement is silent. (*Id.* at 5.)

Data Wave asks this court to dismiss BG's Complaint because, by attaching to its Complaint a

contract which is silent as to compliance with FACTA and other applicable laws, BG has pled itself

out of court. (*Id.*)

Data Wave is correct that, if the Construction Contract is truly silent as to compliance with

applicable laws, this court may not add terms to that effect. The Seventh Circuit has stated that

"extrinsic evidence should not be used to add terms to a contract that is plausibly complete without them." *Bidlack v. Wheelabrator Corp.*, 993 F.2d 603, 608 (7th Cir. 1992). On the other hand, if a contract is not silent, but rather contains terms that are ambiguous, a court must allow a party to "provide extrinsic evidence to support their proposition . . . rather than finding that the term's ambiguity rendered the contract unenforceable." *Tranzact Techs., Ltd. v. Evergreen Partners, Ltd.*, 366 F.3d 542, 547 (7th Cir. 2004); *see also Pritchett v. Asbestos Claims Mgmt. Corp.*, 332 Ill.App.3d 890, 773 N.E.2d 1277, 1283 (2002) ("Extrinsic evidence is admissible to explain the meaning of words in a contract when there is an ambiguity or the words are susceptible of different interpretations.") Thus, this court may allow extrinsic evidence to supplement the terms in a contract rather than interpreting the meaning of the contract as a matter of law, if there is "contractual language on which to hang the label of ambiguous." *Bidlack*, 993 F.2d at 608.

The Seventh Circuit has provided some guidance as to when contract terms are ambiguous. An agreement's language is ambiguous "when it is reasonably susceptible to different construction, not merely when the parties disagree as to its proper construction or application." *Kaplan*, 266 F.3d at 605. Judge Posner has also written that when "an ambiguity is apparent just from reading the contract without having to know anything about how it interacts with the world—then the contract has what is called a patent, or intrinsic, ambiguity, and evidence is admissible to cure it." *Rosetto v. Pabst Brewing Co., Inc.*, 217 F.3d 539, 543 (7th Cir. 2000). The meaning of such a contract may not be determined as a matter of law. *Id.* at 547.

Turning to the Construction Contract and Service Agreement attached to BG's Third Party Complaint, there is apparent ambiguity just from reading the contract. While Data Wave argues that the contract provision stating that Data Wave "shall comply with all safety measure, applicable laws, rules regulations for the safety of all persons and property at the premises" refers only to compliance

with safety requirements, other provisions of the contract could potentially obligate Data Wave to set up a system that complied with FACTA.  For example, the contract states that Data Wave is "authorized to furnish all labor and equipment to do the POS set up for the building."  (Ex. A to Third Party Compl.)  This court has no way to know whether the parties intended the "POS set up" to create a POS system compliant with applicable laws or laws that Data Wave knew would enter into effect during the coming year.  The contract also states that "[t]he work is intended to be complete and fully useable as a finished product or system."  (*Id.*)  It is unclear from the pleadings whether a finished system should have been compliant with FACTA.  Later, the agreement states that Data Wave warrants "that all material and equipment supplied for this job shall be new and free from faults and defects."  (*Id.*)  The language of the contract does not specify whether "faults and defects" could include legal noncompliance.  Finally, the Service Invoice lists as billed to the new Gino's East location an "Aloha Annual Phone Help Desk Contract:  18 Stations."  (*Id.*)  The Service Invoice, dated June 15, 2006, suggests that the Help Desk Contract was in effect on December 4, 2006, the date on which BG's POS system was apparently required to be compliant with FACTA.  (*See* Pl.'s Resp. to Def.'s Mot. to Dismiss 3.)  This court, however, cannot tell from the pleadings what type of assistance was to be provided under the Help Desk Contract, in particular whether it gave Data Wave any responsibility to ensure that BG's POS system was compliant with the new FACTA requirements when they went into effect.

Various terms in the Construction Contract are "reasonably susceptible to different construction."  *Kaplan*, 266 F.3d at 605.  The contract is therefore sufficiently ambiguous that extrinsic evidence may be required to clarify its meaning.  In such a situation, this court may not interpret the terms in the contract as a matter of law.  *Rosetto*, 217 F.3d at 547.  Thus, this court does

not find, at this point in the litigation, that the terms in the contract refute the allegations in BG's

Third Party Complaint.  Data Wave's Motion to Dismiss the Third Party Complaint is denied.

## IV. CONCLUSION

For the reasons stated above, Data Wave's Motion to Dismiss the Third Party Complaint is

denied. Data Wave is given 21 days to answer.

Enter:

/s/David H. Coar

_____

David H. Coar
United States District Judge

**Dated: July 8, 2008**

# EXHIBIT 2

# Daniel S. Kaplan

**From:**   Michael Greenwald [mgreenwald@csgrr.com]

**Sent:**   Friday, June 06, 2008 12:04 PM

**To:**   Daniel S. Kaplan

**Subject:** Stewart v. Gino's East

Dan -- attached is a proposed joint stipulation of dismissal.

Mike Greenwald
**Coughlin Stoia Geller Rudman & Robbins LLP**
120 East Palmetto Park Road
Suite 500
Boca Raton, Florida 33432
Telephone:  561.961.2262 (direct);  561.750.3000 (main)
Fax:  561.750.3364
E-mail:  mgreenwald@csgrr.com
Website:  www.csgrr.com

The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 USC 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (561) 750-3000, delete the message and return the original message to us at mgreenwald@csgrr.com. Thank you.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ANNE L. STEWART, on behalf of herself and
all others similarly situated,

               Plaintiff,

v.

GINO'S EAST RESTAURANT CORP.,
BRAVO RESTAURANTS, INC., BG EAST,
LLC, EG SERVICES CORP., GINO'S EAST
SERVICES, LLC, and DOES 1-10,

               Defendants.

**CASE No. 07 CV 6340**

**JURY TRIAL DEMANDED**

**Judge Coar**
**Magistrate Judge Cole**

---

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Anne L. Stewart

and Defendants Gino's East Restaurant Corp., Bravo Restaurants, Inc., BG East, LLC, EG Services

Corp., and Gino's East Services, LLC, by and through their respective counsel, stipulate as follows:

1.     This action shall be dismissed with prejudice.

2.     Each party shall bear its own attorneys' fees and costs incurred in this action.

**KAPLAN & GREENSWAG LLC**
DANIEL S. KAPLAN

_____
                Daniel S. Kaplan

181 Waukegan Rd., Ste 205
Northfield, IL 60093
Telephone: 847/501-5300
847/501-5325  (fax)

***Counsel for Defendant***

**COUGHLIN STOIA GELLER**
  **RUDMAN & ROBBINS LLP**
STEPHEN R. ASTLEY (*pro hac vice*)
MICHAEL L. GREENWALD (*pro hac vice*)

_____/s/Michael Greenwald_____
                Michael L. Greenwald

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

***Counsel for Plaintiff and the Proposed Class***

**LASKY & RIFKIND, LTD.**
LEIGH R. LASKY
NORMAN RIFKIND
AMELIA S. NEWTON
350 North LaSalle Street, Suite 1320
Chicago, IL 60610
Telephone: 312/634-0057
312/634-0059 (fax)

***Local Counsel for Plaintiff and the Proposed
Class***

# Daniel S. Kaplan

**From:** Michael Greenwald [mgreenwald@csgrr.com]

**Sent:** Friday, June 06, 2008 12:30 PM

**To:** Daniel S. Kaplan

**Cc:** cjc1@dbcw.com

**Subject:** RE: Stewart v. Gino's East

Fine by me.

-----Original Message-----
**From:** Daniel S. Kaplan [mailto:dkaplan@kaplangreenswag.com]
**Sent:** Friday, June 06, 2008 1:21 PM
**To:** Michael Greenwald
**Cc:** cjc1@dbcw.com
**Subject:** RE: Stewart v. Gino's East

Gentlemen:

Attached is a revised stipulation to dismiss. I added counsel for Data Wave in that Rule 41(a) states that it needs to be signed by all parties that have appeared. If it is Ok, Michael please let me know and Charles please insert your electronic signature and I will arrange to have it filed.

Charles, once this stipulation is filed, we can address dismissal of the third-party complaint.

Dan=

Daniel S. Kaplan
Kaplan & Greenswag LLC
181 Waukegan Road, Suite 205
Northfield, Illinois 60093
(847) 501-5300 (General)
(847) 501-5301 (Direct Line)
(847) 501-5325 (Facsimile)

To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. Federal tax advice contained in the text of this e-mail is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed under the Internal Revenue Code.

CONFIDENTIAL NOTE

THIS E-MAIL TRANSMISSION AND ANY ATTACHMENTS HERETO CONTAIN INFORMATION FROM THE LAW FIRM OF KAPLAN & GREENSWAG LLC WHICH IS CONFIDENTIAL AND PRIVILEGED. THE INFORMATION IS INTENDED FOR THE SOLE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, YOUR USE, DISSEMINATION, FORWARDING, PRINTING OR COPYING OF THIS INFORMATION IS PROHIBITED. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO THAT WE CAN ARRANGE FOR THE RETRIEVAL OF THE INFORMATION AT NO COST TO YOU.

**From:** Michael Greenwald [mailto:mgreenwald@csgrr.com]
**Sent:** Friday, June 06, 2008 12:04 PM
**To:** Daniel S. Kaplan
**Subject:** Stewart v. Gino's East

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ANNE L. STEWART, on behalf of herself and
all others similarly situated,

                Plaintiff,

v.

GINO'S EAST RESTAURANT CORP.,
BRAVO RESTAURANTS, INC., BG EAST,
LLC, EG SERVICES CORP., GINO'S EAST
SERVICES, LLC, and DOES 1-10,

                Defendants.

BG EAST LLC,

                Defendant/Third-Party Plaintiff,

v.

DATA WAVE, INC.

                Third-Party Defendant.

**CASE No. 07 CV 6340**

**JURY TRIAL DEMANDED**

**Judge Coar
Magistrate Judge Cole**

---

**<u>STIPULATION OF DISMISSAL WITH PREJUDICE</u>**

    Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Anne L. Stewart

and Defendants Gino's East Restaurant Corp., Bravo Restaurants, Inc., BG East, LLC, EG Services

Corp., and Gino's East Services, LLC, by and through their respective counsel, stipulate as follows:

- 1 -

1.      The action by Plaintiff against Defendants shall be dismissed with prejudice.  The

Third-Party Complaint against Third-Party Defendant Data Wave, Inc. is not dismissed.

2.      Each party shall bear its own attorneys' fees and costs incurred in this action.

**KAPLAN & GREENSWAG LLC**
DANIEL S. KAPLAN

**/ s/Daniel S. Kaplan**
        Daniel S. Kaplan

181 Waukegan Rd., Ste 205
Northfield, IL  60093
Telephone:  847/501-5300
847/501-5325  (fax)

*Counsel for Defendant*
**LASKY & RIFKIND, LTD.**
LEIGH R. LASKY
NORMAN RIFKIND
AMELIA S. NEWTON
350 North LaSalle Street, Suite 1320
Chicago, IL  60610
Telephone:  312/634-0057
312/634-0059 (fax)

*Local Counsel for Plaintiff and the Proposed Class*

**COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP**
STEPHEN R. ASTLEY (*pro hac vice*)
MICHAEL L. GREENWALD (*pro hac vice*)

**/s/Michael Greenwald**
        Michael L. Greenwald

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

*Counsel for Plaintiff and the Proposed Class*
**DOMMERMUTH BRESTAL COBINE &
WEST, LTD.**
CHARLES J. CORRIGAN

        Charles J. Corrigan

123 Water Street
P.O. Box 565
Naperville IL 60566-0565
Telephone: 630/355-5800

*Counsel for Third-Party Defendant*

# Daniel S. Kaplan

**From:**   Michael Greenwald [mgreenwald@csgrr.com]
**Sent:**   Monday, July 21, 2008 3:09 PM
**To:**      Daniel S. Kaplan
**Subject:** RE: Status

Dan -- We have agreed to dismiss the case now for two months but nothing has been filed. As a result, we will move the Court to dismiss under Rule 41. There simply is no reason to keep the case languashing on Judge Coar's docket. Please advise whether you oppose the relief (in which case the stipulation we agreed to months ago should be filed) an, if so, will inform the Court accordingly and of the persistent delays.

-----Original Message-----
**From:** Daniel S. Kaplan [mailto:dkaplan@kaplangreenswag.com]
**Sent:** Tuesday, July 15, 2008 1:00 PM
**To:** Michael Greenwald
**Subject:** Status

Michael:

I just got back from out of town. As you repeatedly stated, our dispute with Plaintiff is over. Data Wave's counsel, however, wants us to stipulate to dismiss of the third-party complaint, even though we have a claim to recover our attorneys' fees. I am hopeful that this will be resolved shortly (maybe today). If it is not resolved today, my plan is to appear tomorrow on the status and let the court know that Plaintiff's have signed a stipulation to dismiss and the only matter still before the court is to resolve our third-party complaint.

Dan

Daniel S. Kaplan
Kaplan & Greenswag LLC
181 Waukegan Road, Suite 205
Northfield, Illinois 60093
(847) 501-5300 (General)
(847) 501-5301 (Direct Line)
(847) 501-5325 (Facsimile)

To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. Federal tax advice contained in the text of this e-mail is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed under the Internal Revenue Code.

CONFIDENTIAL NOTE

THIS E-MAIL TRANSMISSION AND ANY ATTACHMENTS HERETO CONTAIN INFORMATION FROM THE LAW FIRM OF KAPLAN & GREENSWAG LLC WHICH IS CONFIDENTIAL AND PRIVILEGED. THE INFORMATION IS INTENDED FOR THE SOLE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, YOUR USE, DISSEMINATION, FORWARDING, PRINTING OR COPYING OF THIS INFORMATION IS PROHIBITED. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO THAT WE CAN ARRANGE FOR THE RETRIEVAL OF THE INFORMATION AT NO COST TO YOU.

**EXHIBIT 3**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANNE L. STEWART, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| GINO'S EAST RESTAURANT CORP. BRAVO RESTAURANTS, INC., BG EAST, LLC, EG SERVICES CORP., GINO'S EAST SERVICES, LLC, and DOES 1-10, | ) ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) ) |
| BG EAST LLC, | ) ) |
| Defendant/Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| DATA WAVE, INC. | ) ) |
| Third-Party Defendant. | ) ) |
| _____ | ) |

Case No. 07 CV 6340

Judge Coar

Magistrate Judge Cole

## <u>ORDER OF DISMISSAL</u>

This matter coming to be heard on Gino's East Restaurant Corp., Bravo Restaurants, Inc., BG East LLC, EG Services Corp. and Gino's East Services, LLC's Motion for Entry of Order of Dismissal Pursuant to Fed. R. Civ. P. 41(a)(2), due notice having been given and the Court being notified in its premises:

IT IS HEREBY ORDERED:

The Complaint filed by Anne Stewart against Gino's East Restaurant Corp., Bravo Restaurants, Inc., BG East, LLC, EG Services Corp., Gino's East Services, LLC and Does 1-

10, is hereby dismissed pursuant to Fed. R. Civ. P. 41(a)(2) with prejudice and without costs to either party.

The Third-Party Complaint filed by BG East, LLC is hereby retained and set for status on _____, 2008 at _____.

Date: _____

_____
Judge David H. Coar

Daniel S. Kaplan (ARDC No. 6204533)
Marcia G. Cotler (ARDC No. 6201178)
Kaplan & Greenswag LLC
181 Waukegan Road Suite 205
Northfield, IL 60093
Ph:  (847) 501-5300
Fax: (847) 501-5325