IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNE L. STEWART, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GINO'S EAST RESTAURANT CORP., et al.,<br><br>　　　　　Defendants.<br>_____<br><br>BG EAST, LLC,<br><br>　　　　　Defendant/Third-Party Plaintiff,<br><br>v.<br><br>DATA WAVE, INC.,<br><br>　　　　　Third-Party Defendant. | Case No. 07 CV 6340<br><br>Judge Coar<br><br>Magistrate Judge Cole |

**THIRD-PARTY DEFENDANT'S RESPONSE
TO DEFENDANT/THIRD-PARTY PLANTIFF'S MOTION FOR
ENTRY OF ORDER OF DISMISSAL
<u>PURSUANT TO FED. R. CIV. P. 41(a)(2)</u>**

　　　Third-Party Defendant, Data Wave, Inc. ("Data Wave"), by and through its attorney, Charles J. Corrigan, Dommermuth, Brestal, Cobine, and West Ltd., of counsel, for its Response to Defendant/Third-Party Plaintiff's Motion For Entry of Order Of Dismissal Pursuant to Fed. R. Civ. P. 41(a)(2), states as follows:

### Introduction

　　　Data Wave has no objection to the dismissal with prejudice of the Complaint filed by Plaintiff, Anne L. Stewart, against Gino's East Restaurant Corp., Bravo Restaurants, Inc., BG East, LLC, EG Services Corp., Gino's East Services, LLC and Does 1-10.

- 1 -

136540/2

- 2 -

Data Wave does object to BG East, LLC's ("BG") request that this Court continue to exercise its supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over the state law Third-Party Complaint filed against Data Wave by BG, after Plaintiff's federal Complaint is dismissed.

## Argument

Pursuant to 28 U.S.C. §1367(c)(3), the district court may decline to exercise its supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. Upon the dismissal of Plaintiff's federal question Complaint based on federal law this Court will have dismissed all claims over which it had original jurisdiction. The Third-Party Complaint, which will be all that remains pending, consists of a run-of-the-mill state law breach of contract case.

The Courts decision to exercise supplemental jurisdiction should hinge on conditions at the moment of dismissal of the touchstone claim. The Third-Party Complaint is only in the beginning stages of litigation, and dismissal would not cause any undue hardship upon BG. In fact, there has been no discovery, Data Wave has yet to file its Answer to the Third-Party Complaint (which is not due until July 29, 2008), the trial date is not imminent, this Court has not invested substantial resources in the case, and BG has incurred only minimal resources pursuing this matter. Therefore, a decision to decline to exercise supplemental jurisdiction will not cause BG any unnecessary hardship.

This Court's rulings applying §1367(c)(3) have been consistent with the foregoing supplemental jurisdiction principles. In *Moak v. Roszak*, 2005 WL 2563014 (N.D.Ill. 2005), this Court ruled, "In the absence of a federal cause of action, this Court will not exercise supplemental jurisdiction over the state claims." Furthermore, in the case of *Lockhart v. Village*

- 3 -

*of Riverdale*, 2003 WL 21212589 (N.D. Ill. 2003), this Court, upon Granting the Village of Riverdale's motion for summary judgment on the claims over which it had original jurisdiction, declined to exercise its supplemental jurisdiction holding that "as this Court had dismissed all federal claims prior to trial, the Court declines to exercise supplemental jurisdiction over the state law claims."  In *Harrell v. City of Chicago Heights*, 945 F. Supp 1112 (N.D. Ill. 1996), this Court recited the general rule that upon dismissing the claims over which it had original jurisdiction the Court should relinquish its supplemental jurisdiction over the state court issues. However, due to the fact that the Court has already spent considerable time in deciding the motions for summary judgment, had ruled on two separate motions, and the trial was to take place in less than two weeks, it ruled that sending the case to state court would result in a substantial duplication of effort.  Therefore, this Court ruled that issues of judicial economy, convenience, fairness, and comity justify retention of the state law claims.

It is clear that the factors weighing in the Court's decision to exercise supplemental jurisdiction in the *Harrell* case are not present in this case.  Here, this Court has ruled only on Data Wave's motion to dismiss.  Data Wave has yet to answer the Third-Party Complaint, discovery has not commenced, the trial date is not fast approaching, and very few resources have been expended by the parties thus far.  Therefore, upon review of issues involving judicial economy, fairness, convenience, and comity, the balance of factors weighs in favor of dismissal of the state law Third-Party Complaint.

## Conclusion

WHEREFORE, Third-Party Defendant, Data Wave, Inc. prays that Plaintiff's Complaint be dismissed with prejudice, and that the Third-Party Complaint be dismissed without prejudice for lack of jurisdiction.

- 4 -

| | |
|---|---|
| Dated:  July 23, 2008 | Respectfully Submitted,<br>Data Wave, Inc., Third Party Defendant |
| | By:    s/ Charles J. Corrigan<br>         One of its attorneys |

Charles J. Corrigan
ARDC #6196402
Dommermuth, Brestal, Cobine and West, Ltd.
123 Water Street
Naperville, Illinois 60540
Ph: 630-355-5800
Fax: 630-355-5976
Email: cjc1@dbcw.com

- 4 -
136540/2